**SYVA COMPANY, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 86–04–00476.**

United States Court of
International Trade.

March 8, 1988.

Adduci, Dinan, Mastriani, Meeks & Schill, Jeffrey A. Meeks and Ralph H. Sheppard, Washington, D.C., for plaintiff.

James M. Spears, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, U.S. Dept. of Justice, Michael P. Maxwell, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

TSOUCALAS, Judge:

The central issue in this matter is whether plaintiff's failure to remit interest, which had accrued upon unpaid liquidated duties, constitutes a jurisdictional defect in that "all charges and exactions" were not paid before plaintiff commenced this action. The Court concludes that such an omission is fatal and thus, does not have jurisdiction over this action.

### BACKGROUND

The subject goods were entered in May 1984, and plaintiff claimed duty free treatment under item 800.00, TSUS, as American goods returned. However, Customs rejected that claim and liquidated the entry at the applicable duty rate on December 28, 1984. In January 1986, plaintiff paid $9,113.21, reflecting the liquidated duties assessed, and thereafter initiated this action to contest Customs' refusal to accord a duty allowance for the imported merchandise. However, on November 29, 1984, one month before the liquidation, 19 U.S.C. § 1505(c) became effective. This amendment prescribes the time when liquidated duties are due and provides that duties considered delinquent will bear interest from the 15th day after liquidation. *See* 19 U.S.C. § 1505(c) (Supp. II 1984). Prior to this revision, no interest was assessed for late payment.

Plaintiff has not remitted $1,137.52 in accrued interest assessed on the delinquent payment of liquidated duties. It is alleged that plaintiff relied on information from a Customs official, who advised plaintiff that the new § 1505(c) would only be enforced for new entries and no enforcement action would be taken on existing entries. Defendant alleges, and plaintiff has not refuted, that plaintiff was on notice of the outstanding interest owing as reflected in past due bills sent by Customs to plaintiff. Defendant has moved to dismiss the action for lack of jurisdiction pursuant to USCIT R. 12(b)(1).

### DISCUSSION

Before commencing its analysis of the jurisdictional prerequisites, the Court deems it appropriate to briefly discuss two relevant issues. The first pertains to defendant's failure to timely answer the complaint despite extensions of time. Therefore, on March 30, 1987, default was entered against defendant in accordance with plaintiff's application pursuant to USCIT R. 55(a). Plaintiff thus sought default judgment from the court. Concurrent with its opposition to that application, with leave of the court, the government filed a motion to dismiss for lack of jurisdiction. Plaintiff subsequently moved for judgment on the pleadings.

■ The Court declined to enter default judgment against the government in accordance with USCIT R. 55(e), which dictates that:

No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.

In the absence of cases applying USCIT R. 55(e), it is relevant to refer to those cases construing Fed.R.Civ.P. 55(e) which is identical in language to our rule. Consistently it has been held that default judgment against the government cannot be granted based simply on the failure to file within a prescribed deadline. *Mason v. Lister,* 562 F.2d 343 (5th Cir.1977); *Fedor v. Ribicoff,* 211 F.Supp. 520 (E.D.Pa.1962); *accord United States v. Zulli,* 418 F.Supp. 252, 253 (E.D.Pa.1975). It is essential that plaintiff establish its right to relief by satisfactory evidence before default judgment may be entered against the government. *See e.g., Poe v. Mathews,* 572 F.2d 137, 138 (6th Cir.1978). In light of the government's motion to dismiss for lack of jurisdiction, it is clear that plaintiff has not overcome this hurdle and, therefore, the Court set aside the entry of default.

The second preliminary matter involves defendant's motion to dismiss out of time. Plaintiff had urged this Court to exercise its discretion to strike some or all of the late pleadings by defendant as out of time, in order to reach a just decision on the merits. Nonetheless, the Court is cognizant of the dictates of USCIT R. 12(h)(3) which permits a jurisdictional question to be raised at any time and requires the court to dismiss the action if such a defect exists. "[Q]uestions of jurisdiction may be raised at any time 'for clearly a decision of a court without jurisdiction is a nullity.'" *Glamorise Foundations, Inc. v. United States,* 11 CIT ——, ——, 661 F.Supp. 630, 633 (1987) (quoting *BASF Colors & Chemicals, Inc. v. United States,* 57 Cust.Ct. 541, 543, R.D. 11195 (1966), *aff'd* 59 Cust.Ct. 834, A.R.D. 228 (1967), *aff'd* 56 CCPA 47, C.A.D. 952, 420 F.2d 763 (1969)).

Therefore, in fulfilling its inherent duty to determine the jurisdictional propriety of the action, pursuant to USCIT R. 12(h)(3), the Court must address defendant's motion to dismiss before any disposition on the merits. *See e.g., Bethlehem Steel Corp. v. United States,* 6 CIT 164, 165, 571 F.Supp. 1265, 1266–67 (1983); *Feudor, Inc. v. United States,* 79 Cust.Ct. 179, 181, C.R.D. 77–13, 442 F.Supp. 544, 546 (1977) (on a motion to dismiss for lack of jurisdiction, it is inappropriate to resolve an inquiry addressed to the merits of the action).

The government's motion to dismiss is premised on the failure of plaintiff to satisfy the requirements of 28 U.S.C. § 2637(a) (1982), which sets forth that an action may be commenced in this court only if "all liquidated duties, charges, or exactions have been paid at the time the action is commenced." It is well settled that this court's jurisdiction to entertain a challenge such as plaintiff's (under 28 U.S.C. § 1581(a)) is conditioned upon the payment of liquidated duties, charges, and exactions. *United States v. Boe,* 64 CCPA 11, 18, C.A.D. 1177, 543 F.2d 151, 156 (1976); *American Air Parcel Forwarding Co., Ltd. v. United States,* 6 CIT 146, 150, 573 F.Supp. 117, 120 (1983). The terms conferring jurisdiction are mandatory and the statute does not afford an opportunity to exercise discretion in this matter. *Boe,* 64 CCPA at 16, 543 F.2d at 155; *see NEC Corp. v. United States,* 806 F.2d 247, 249 (Fed.Cir.1986).

The question as to whether this jurisdictional hurdle was satisfied arises as a result of the 1984 enactment of subsection (c) to 19 U.S.C. § 1505, which provides:

> Duties determined to be due upon liquidation or reliquidation shall be due 15 days after the date of that liquidation or reliquidation, and unless payment of the duties is received by the appropriate customs officer within 30 days after that date, shall be considered delinquent and bear interest from the 15th day after the date of liquidation or reliquidation....

Pub.L. 98–573, Title II, § 210(a), 98 Stat. 2977 (1984).

As the liquidated duties were paid more than one year after liquidation, interest had accrued. The Court will first dispose of defendant's argument that plaintiff failed to pay all liquidated duties. The government asserts that plaintiff's failure to pay the accrued interest results in an outstanding duty balance as a result of applying 19 C.F.R. § 24.3a(c)(4), which provides:

In the case of any late payment, the payment received will first be applied to the interest charge on the delinquent principal amount and then to payment of the delinquent principal amount.

Yet, this regulation was published in the Federal Register on October 1, 1986 and its effective date is October 31, 1986. 51 Fed. Reg. 34954. As this regulation was not in existence in January 1986 when plaintiff paid the liquidated duties, it does not operate to retroactively transform monies paid and credited toward duties into payments toward interest.

■ Thus, the main issue is whether interest may properly be considered a charge or exaction. Plaintiff asserts that interest is not a "charge" or "exaction" as those terms have special meaning within the customs realm and argues that interest is a separate financial consideration, distinguishable from such charges as storage or overtime charges, and exactions, such as penalties or liquidated damages.

The Court has examined several lexicons in an attempt to discern whether "interest" is considered a "charge" or "exaction". Consistently, interest is defined as the basic cost, or the price paid, for borrowing money, or for the use of money. *Webster's Third New Int'l Dictionary* 1178 (1981); *Black's Law Dictionary* 729 (5th Ed. 1979); C. Ammer and D.S. Ammer, *Dictionary of Business and Economics* 210 (1977). A "charge" encompasses a broad range of meanings including: an obligation or duty, a liability, an expense or the price of an object; an entry in an account of what's due from one party to another. 1 West's *Law & Commercial Dictionary in Five Languages* 237 (1985); *Webster's, supra,* at 377; *Black's, supra,* at 211. Finally, an "exaction" has been described as the wrongful demand for payment under color of official authority, where no payment is due; an unjust compulsory levy. *Webster's, supra,* at 790; *Black's, supra,* at 500; *accord Carlingswitch, Inc. v. United*

*States,* 85 Cust.Ct. 63, 66, C.D. 4873, 500 F.Supp. 223, 226–27 (1980), *aff'd* 68 CCPA 49, C.A.D. 1264, 651 F.2d 768 (1981).

There is ample support in these sources for concluding that interest, as an incidental expense to maintaining an unpaid debt, would be categorized as a charge; it is an entry in an account of what is due from one party to another. There appears no basis for a distinction between interest and other account liabilities. While the specific question of whether interest is a charge or exaction appears never to have been addressed in this court, caselaw has established that the imposition of certain fees are charges or exactions, subject to protest procedures and judicial review.

In this vein, charges and exactions are "actual assessments of specific sums of money (other than ordinary customs duties) on imported merchandise." *Alberta Gas Chemicals, Inc. v. Blumenthal,* 82 Cust.Ct. 77, 81–82, C.D. 4792, 467 F.Supp. 1245, 1249–50 (1979). In concluding that diversion duties were an exaction, the court in *General Motors Corp. v. United States,* 10 CIT ——, ——, 643 F.Supp. 1139, 1144 (1986), reasoned that this payment was in fulfillment of the importer's statutory obligation.[1] Therefore, interest, a monetary assessment incidental to the importation of goods, which plaintiff must remit pursuant to its statutory obligation, is within the common and judicial descriptions of charges and exactions.

Nevertheless, plaintiff contends that the purpose of the new § 1505(c) was not intended to elevate the assessment of interest to a jurisdictional level within the purview of 28 U.S.C. § 2637(a). In commenting on the passage of this legislation, Congress explained that it was intended to remedy the practice whereby Customs determined that increased or additional duties were due, but there was no requirement that these sums be paid on liquidation. Neither was it necessary that they be paid before the importer protest their assess-

---

1. *Compare ITT Semiconductors v. United States,* 6 CIT 231, 576 F.Supp. 641 (1983) (voluntary payment in settlement of penalty not a charge or exaction) *with Mitsubishi Int'l Corp. v. United States,* 81 Cust.Ct. 145, C.R.D. 78–9, 454 F.Supp. 458 (1978) (imposition of a penalty not prohibited from being protested as a charge or exaction).

ment; thus, no interest on such amounts could be assessed. H.R.Rep. No. 98–1015, 98th Cong., 2d Sess. 67, *reprinted in* 1984 U.S. Code Cong. & Admin. News pp. 4910, 4960, 5026. The Congressional report further reveals:

> Until February 18, 1982, the United States Customs Service had based its debt collection responsibilities upon the proposition that "[a] bill for duties, taxes, or other charges is due and payable upon receipt thereof by the debtor" (19 CFR 24.3(e)). However, on February 18, 1982, the United States Court of Customs and Patent Appeals upheld a decision of the Court of International Trade in the case of *United States v. Heraeus–Amersil, Inc.,* 671 F.2d 1356. The decision provides that increased or additional duties determined to be due on liquidation or reliquidation are not due and payable by the importer until either the protest period has expired without a protest being filed (90 days after liquidation or reliquidation), or where a protest has been filed and denied, the time to appeal to the Court of International Trade under 28 U.S.C. 1581(a) has expired (180 days after denial). Thus, in the latter situation, collection efforts cannot be initiated for a minimum of 270 days.

> The effect of the proposed legislation would be to allow Customs to take immediate steps to collect monies determined to be due and payable to the United States. If the duties were not paid within the time allotted by this bill, then the importers would be assessed interest in accordance with section 306 of Public Law 96–304 and regulations to be promulgated by the Customs Service.

> Without legislation to overturn the *Heraeus* decision and with the current high interest rates prevailing throughout the country, it is anticipated that any normal business entity, legally able to delay payment of large sums of money without interest, would take advantage of that opportunity.

H.R.Rep. No. 98–1015 at 68, *reprinted in* 1984 U.S. Code Cong. & Admin. News at 5027.

Plaintiff suggests that the proper interpretation of § 1505(c) merely sets the date when interest would be payable in the event that plaintiff is not successful in its protests or via judicial review. While this is certainly consistent, as plaintiff notes, with defendant's reciprocal obligation to pay interest on any overpayment by plaintiff from the date the duties were paid, that does not resolve the inquiry as to whether the interest must be paid before commencing the action. By enacting subsection (c) to § 1505, Congress sought to statutorily delimit the time for the payment of duties, and imposed upon the importers the consequence of interest for failing to remit payment in accordance with this deadline. The Court regrettably cannot agree with plaintiff that this does not rise to a jurisdictional impediment, for to do so would seemingly frustrate the very purpose of the statute. As the duties were due on a specified date and not paid, plaintiff was charged for the use of that money. As that interest charge was not paid prior to commencing this action, the prerequisites necessary to invoking this court's jurisdiction as required by 28 U.S.C. § 2637(a) were not satisfied.

■ Finally, plaintiff alleges that § 1505(c) is only effective for entries *liquidated* after the effective date of the statute (Nov. 29, 1984) but does not apply to its merchandise, which was entered before this date. Plaintiff argues that the Court would be giving unlawful retroactive effect to the statute if it was concluded that the statute applies to imports *entered* before November 29, 1984.

As the Supreme Court has stated:

> [T]he first rule of construction is that legislation must be considered as addressed to the future, not to the past ... [and] a retrospective operation will not be given to a statute which interferes with antecedent rights ... unless such be 'the unequivocal and inflexible import of the terms, and the manifest intention of the legislature'.

*United States v. Security Industrial Bank,* 459 U.S. 70, 79, 103 S.Ct. 407, 413, 74 L.Ed.2d 235 (1982) (quoting *Union Pac. R. Co. v. Laramie Stock Yards Co.,* 231

U.S. 190, 199, 34 S.Ct. 101, 102, 58 L.Ed. 179 (1913)).

Nevertheless, the Court does not consider there to be any retroactivity issue. The effective date provision states that the enactment of subsection (c) shall take effect on the 30th day after October 30, 1984 (Nov. 29, 1984). Pub. L. 98–573, Title II, § 214(c)(5)(A), 98 Stat. at 2989. Albeit, this does not specify whether it applies to goods entered or only liquidated after that date but the legislative history does state that the provision will "be effective thirty days after enactment and any pending duties would be due thirty days following enactment." H.R.Rep. No. 98–1015 at 5025–26. This language clearly contemplates that this amendment was intended to apply where duties were already assessed since they "would be due thirty days following enactment." Therefore, there is no basis to conclude that only goods entered after the effective date of the statute would be subject to those time limits. As the statute merely prescribes the time for payment of duties once the entries are liquidated, and since liquidation, the operative event triggering the time for assessment of interest, occurred after the statute was enacted, there is no retroactive application which would deprive plaintiff of any vested substantive right.

## CONCLUSION

Pursuant to 28 U.S.C. § 2637(a), all charges and exactions must be paid prior to the commencement of an action. The terms charges or exactions include the assessment of interest on the late payment of liquidated duties. As plaintiff has failed to remit this amount, the Court is constrained to dismiss the action for lack of jurisdiction. Thus, defendant's motion to dismiss is granted and the action is dismissed. So ordered.