**HOSPITAL CORPORATION OF AMERICA, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 89–08–00462.**

United States Court of International Trade.

Nov. 23, 1990.

Ober, Kaler, Grimes & Shriver, John F. Morkan, III, Baltimore, Md., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen.; Joseph I. Liebman, Atty.-in-Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, James A. Curley, of counsel: Karen P. Binder, Office of Asst. Chief Counsel, Intern. Trade Litigation, U.S. Customs Service, New York City, for defendant.

## OPINION

TSOUCALAS, Judge:

Plaintiff, Hospital Corporation of America ("HCA"), brings this action pursuant to Rule 56 of the rules of this Court for summary judgment, asserting that there is no dispute as to any material facts and that it is entitled to judgment as a matter of law. Plaintiff seeks to recover interest under 19 U.S.C. § 1520(d) (1988), and 28 U.S.C. § 2644 (1988), on a duty refund paid by the United States Customs Service ("Customs").[1] Defendant argues that the refund was of estimated duties and section 1520(d) does not authorize the payment of interest on refunds of estimated duties, only on refunds of "increased or additional duties."

### Background

Plaintiff imported the Dornier extracorporeal shock wave lithotripter ("lithotripter") involved in this action in 1986. The lithotripter is a medical device which uses electrical charges to create shock waves that disintegrate kidney stones within a patient's body without surgical intervention. Prior to entry of the merchandise, Customs classified lithotripters as "electrosurgical apparatus" under item 709.15, Tariff Schedules of the United States ("TSUS"). C.S.D. 84–60 (Dec. 30, 1983).

The merchandise then was entered under item 709.15 and stored in a bonded warehouse. In order to release the lithotripters, Customs required a deposit of estimated duties in the amount of $219,157.89, which was the amount due pursuant to classification under 709.15.[2] These duties were deposited by HCA "unwillingly," so that the goods would be released. *Brief in Support of Hospital Corporation of America's Motion for Summary Judgment* at 3 ("Plaintiff's Brief"). On April 3, 1987, Customs liquidated the lithotripter under item 709.15, TSUS.

Plaintiff filed a protest on June 26, 1987, challenging the classification of the merchandise under item 709.15, TSUS, and claiming classification under item 709.17, TSUS, as "electro-medical apparatus, ... other," which carries a lower rate of duty. In January 1988, Customs revoked its classification of lithotripters under item 709.15, TSUS, and held that lithotripters are properly classified under item 709.17, TSUS, the classification requested by plaintiff in its protest. C.S.D. 88–5 (Jan. 21, 1988). In April 1989, plaintiff requested accelerated

---

**1.** The government has consented to the payment of interest under 28 U.S.C. § 2644, on the refund already paid by Customs to HCA on September 8, 1989. *Defendant's Brief in Support of Its Cross–Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment* at 5–6 ("Defendant's Brief"). That interest is payable from the date the summons was filed, August 3, 1989, to the date the refund was paid, September 8, 1989. 28 U.S.C. § 2644 (1988). However, that does not address payment of interest on the monetary judgment at issue in this case, *i.e.,* the award of interest on the refund.

**2.** Customs states that it gave HCA a refund of $25,727.23 at the time of liquidation in April 1987, because the estimated duties had been assessed improperly based on the 1986 rate of 9.2% *ad valorem* rather than on the lower 1987 rate of 7.9% *ad valorem.* No interest was paid on this refund and plaintiff does not seek to recover interest on this amount. *See Defendant's Brief* at 2. Following the refund, the total estimated duties on deposit with Customs was $193,430.66.

disposition of the protest, pursuant to 19 U.S.C. § 1515(b) (1988) and 19 C.F.R. § 174.22 (1988). The protest was deemed denied when Customs did not act on the request within thirty days. *See* 19 U.S.C. § 1515(b); 19 C.F.R. § 174.22(d).

HCA filed a summons on August 3, 1989, challenging the classification and the rate and amount of duties. On September 7, 1989, plaintiff filed its Complaint, wherein HCA sought to recover a refund plus interest pursuant to 19 U.S.C. § 1520(d). The next day, September 8, Customs granted the protest, noting that lithotripters should be classified under item 709.17, TSUS. The entry was reliquidated and Customs refunded to HCA the difference between what initially was paid to Customs pursuant to item 709.15, TSUS, and what properly was due under item 709.17, TSUS. However, Customs paid no interest on the refund.

None of these facts is in dispute, and both parties have moved for summary judgment pursuant to Rule 56 of the Rules of the Court of International Trade.

### Discussion

■ When deciding a motion for summary judgment pursuant to Rule 56, the Court must determine if there are any genuine issues of material fact. *Phone–Mate, Inc. v. United States*, 12 CIT ——, ——, 690 F.Supp. 1048, 1050 (1988), *aff'd*, 867 F.2d 1404 (Fed.Cir.1989). If there are, summary judgment is inappropriate. Upon examination of the relevant statutes, caselaw and supporting papers, the Court finds that there are no genuine issues of material fact, and hence, judgment as a matter of law is proper in this matter.

### I. 19 U.S.C. § 1520(d)

When Customs liquidates an entry, the importer of the entry must pay the duty owed within fifteen days after the date of liquidation. 19 U.S.C. § 1505(c) (1988). If payment is not received by Customs within thirty days after such date, interest is due from the fifteenth day after the date of liquidation. *Id.; Syva Co. v. United States*, 12 CIT ——, ——, 681 F.Supp. 885, 889–90 (1988); *Penrod Drilling Co. v. United States*, 13 CIT ——, ——, 727 F.Supp. 1463, 1465 (1989). The provision which authorizes the government to collect interest on late payments was added to § 1505 by the Trade and Tariff Act of 1984, and was designed to prevent importers from delaying payment of duties owed to the United States. The rationale for this change was that the United States was denied the rightful use of this money while the importer profited from it.

In fashioning this legislation, Congress acknowledged that if the government is permitted to collect such interest, importers too ought to be allowed to collect interest on overpayments if they are successful in protesting the classification of their merchandise. H.R.Rep. No. 1015, 98th Cong., 2d Sess. 68, *reprinted in* 1984 U.S.Code Cong. & Admin.News 4960, 5027. This "reciprocity of payment of interest" was accomplished "by adding a new paragraph which would provide for interest to be paid by the government if a determination is made to reliquidate an entry as a result of a protest.... Interest would be paid on the amount of the overcharge at a rate to be determined by the Secretary of the Treasury." *Id.* at 67, U.S.Code Cong. & Admin.News 5026.

■ In the present case, HCA was overcharged on the duties it owed for the lithotripter. When Customs liquidated the entry on April 3, 1987, it collected the duty due pursuant to liquidation under item 709.15, TSUS, that is $193,430.66.[3] *See* note 2, *infra*. Plaintiff protested the classification on June 26, 1987. After Customs granted the protest and reliquidated the entry on September 8, 1989, under item 709.17, TSUS, it refunded to plaintiff the difference between what was paid by plaintiff under item 709.15, TSUS, and what properly was owed under item 709.17, TSUS, that is, the overcharge. However, Customs paid no interest on the overcharge

---

**3.** Since plaintiff had deposited estimated duties prior to liquidation, the monies due were already in Customs' custody long before the liquidation.

and denies that interest is owed to the importer.

Section 1520(d) provides that interest is payable when Customs reliquidates an entry and returns to the importer what was paid as "increased or additional duties under section 1505(c)." Section 1505(c) sets the time limits for payment of "[d]uties determined to be due upon liquidation."[4] If Customs or this Court thereafter determines that excess duties were paid upon liquidation, the importer is entitled to a refund of those excess duties plus interest. 19 U.S.C. § 1520(a) and (d).

Customs contends, however, that "increased or additional duties" do not include excess estimated duties retained by Customs upon liquidation.[5] The government thus construes the increased or additional duties referred to in section 1520(d) to be only those duties which, at the time of liquidation, Customs finds are due in addition to any estimated duties already assessed. This interpretation is founded on Customs' contention that an importer who has deposited estimated duties does not pay any duties at liquidation, unless "increased or additional duties" are imposed. "The only duties paid by [such importers are] estimated duties paid at the time of entry of the merchandise, or shortly after." *Defendant's Brief* at 2, n. 2.

The Court finds that Customs has construed § 1520(d) too narrowly to be consistent with its legislative intent, and has im-

properly excluded excess estimated duties held by Customs upon liquidation from the purview of the section. Estimated duties do not exist in a vacuum. They are the amount which Customs believes will be the duties the importer will owe upon liquidation.[6] Once merchandise is liquidated and Customs determines the duty owed "upon liquidation," the estimated duties cease to be estimates. Whatever portion of those duties is retained by Customs constitutes the duty paid upon liquidation. Though plaintiff did not itself send payment to Customs at liquidation, the estimated duties on deposit with Customs were used to pay what plaintiff was found to owe upon liquidation. Hence, when Customs retained more of HCA's deposit of estimated duties than it should have, HCA paid excess duties upon liquidation.

After the government granted the protest and reliquidated the lithotripter at a lower rate of duty, HCA was entitled to, and received, a refund of the duties it overpaid. 19 U.S.C. § 1520(a). Since the government had use of that money to which it had no rightful claim, 19 U.S.C. § 1520(d) allows the importer to collect interest on the refund. Plaintiff should not be denied interest because it deposited estimated duties prior to liquidation, rather than wait until after liquidation to pay. For the Court to hold otherwise would be to subvert what Congress manifestly intended in enacting reciprocal interest provisions.[7]

**4.** 19 U.S.C. § 1505(c) provides that:
Duties determined to be due upon liquidation or reliquidation shall be due 15 days after the date of that liquidation or reliquidation, and unless payment of the duties is received by the appropriate customs officer within 30 days after that date, shall be considered delinquent and bear interest from the 15th day after the date of liquidation or reliquidation at a rate determined by the Secretary of the Treasury.

**5.** Customs bases this argument on the fact that within § 1505, "estimated duties" and "increased or additional duties are discussed in different subsections." *See* 19 U.S.C. § 1505(a) and (b).

**6.** Customs' regulations state that the amount of estimated duties to be deposited shall be "an amount deemed necessary by the district director to sufficiently cover the prospective

duties on each item being entered or withdrawn." 19 C.F.R. § 141.103 (1989).

**7.** The government contends that this position is not truly reciprocal because Customs would be liable for interest on refunds of estimated duties while the importer would not be liable for interest on estimated duties that are due but are not paid at the time of entry. *Defendant's Brief* at 8. The analogy is inapposite because the Court is not holding that the statute compels Customs to pay interest from the date the estimated duties were paid. Rather, Customs is liable for interest only from the date of payment of the duties due upon liquidation. In this case, since Customs was in possession of an amount intended to cover the "duties due upon liquidation" prior to liquidation, the date of payment was the date of liquidation.

## II. 28 U.S.C. § 2644

■ Plaintiff also seeks to recover interest under 28 U.S.C. § 2644. That section authorizes the payment of interest on monetary relief obtained under a stipulation agreement or by a judgment in a civil action before this Court pursuant to section 515 of the Tariff Act of 1930. 28 U.S.C. § 2644; *United States v. Atkinson*, 6 CIT 257, 261, 575 F.Supp. 791, 795 (1983). Plaintiff has been awarded monetary relief in the form of interest on the refund it received from Customs subsequent to reliquidation of its merchandise. The action having been brought pursuant to section 515 and a monetary judgment having been awarded, plaintiff is entitled to receive interest under § 2644 from the date of the filing of the summons to the date Customs pays plaintiff. 28 U.S.C. § 2644.

### Conclusion

Accordingly, the Court holds that plaintiff is entitled to collect interest from Customs on the amount of duty it overpaid. That amount is the difference between what was paid in estimated duties under item 709.15, TSUS, and what rightfully was owed under item 709.17, TSUS, to wit, $88,-139.59. Therefore, Customs is directed to pay to HCA interest on $88,139.59 from the date of payment of the excess duty, *i.e.*, the date of liquidation (April 3, 1987), to the date of the filing of the summons (August 3, 1989).[8] Interest shall be at the rate established by law.

Customs also is directed to pay interest on the monetary judgment entered herein pursuant to 28 U.S.C. § 2644 from August 3, 1989 until the date payment is made.

### JUDGMENT

Plaintiff having moved for summary judgment and defendant having cross-moved for summary judgment, and the Court after due deliberation having rendered a decision herein; now, then, in conformity with said decision, it is hereby

ORDERED that plaintiff's motion for summary judgment is granted, and defendant's cross-motion for summary judgment is denied, and it is further

ORDERED that defendant pay to plaintiff interest, pursuant to 19 U.S.C. § 1520(d), on the refund paid by defendant on September 8, 1989, to wit, $88,139.59, at the rate of interest established by law, and it is further

ORDERED that such interest is payable from April 3, 1987 to August 3, 1989, and it is further

ORDERED that defendant pay to plaintiff interest, pursuant to 28 U.S.C. § 2644, on the monetary judgment entered above, from August 3, 1989 to the date payment is made by defendant.

---

**8.** Interest under § 1520(d) "shall be calculated from the date of payment to the date of (1) the refund, or (2) the filing of a summons under section 2632 of Title 28, whichever occurs first."

19 U.S.C. § 1520(d). The refund was paid on September 8, 1989, hence the filing of the summons on August 3, 1989 occurred first.