945 F.2d 417
carlos
13 ITRD 1704, 9 Fed. Cir. (T) 159
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HOSPITAL CORPORATION OF AMERICA, Plaintiff-Appellee,
v.
The UNITED STATES, Defendant-Appellant.
 No. 91-1172.
 United States Court of Appeals, Federal Circuit.
 Sept. 20, 1991.
 
 Before PAULINE NEWMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 The United States appeals the decision of the Court of International Trade[1] awarding Hospital Corporation of America post-liquidation interest on the refund of customs duties deposited at the time of entry pursuant to 19 U.S.C. § 1520(d). The issue has been decided in Kalan Inc. v. United States, Nos. 91-1117, 91-1163 (Fed.Cir. Sept. 11, 1991). For the reasons explained in Kalan, the decision of the Court of International Trade is reversed. In accordance with 19 U.S.C. § 1520(d) Hospital Corporation is not entitled to interest for the period between liquidation and reliquidation, when the excess duties had been deposited at the time of entry and liquidated at the erroneously high rate. As discussed in Kalan, "increased or additional duties" as used in 19 U.S.C. § 1520(d) is a term of art, distinct from "excess duties" paid upon entry. We take note of the argument that the usage of the word "overcharge" in the legislative history, H.R. Report No. 98-1015, 98th Cong., 2d Sess. 68, reprinted in 1984 U.S.CODE CONG. & ADMIN.NEWS 4960, 5026, supports a different interpretation; but in view of the meaning in Customs law of the terms "excess", "increased", and "additional" duties, that meaning must apply. Thus interest, on the facts of this case, is payable only for the period after the filing of the summons in accordance with 28 U.S.C. § 2644.
 
 
 
 [1]
 Hospital Corporation of America v. United States, 752 F.Supp. 459 (Ct. Int'l Trade 1990)