In accordance with the foregoing opinion, the Court finds Commerce's Final Results of Redetermination Pursuant to Court Remand in *Cultivos Miramonte S.A. v. United States*, 21 CIT 1059, 980 F. Supp. 1268 (1997) to be supported by substantial evidence on the agency record and in accordance with law.

LA PERLA FASHIONS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 96–05–01468

(Dated April 16, 1998)

*Barnes, Richardson & Colburn (Sandra Liss Friedman)* for the plaintiff.
*Frank W. Hunger*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Saul Davis)* for the defendant.

### MEMORANDUM AND ORDER

AQUILINO, *Judge:* The docket sheet for this action records the filing of plaintiff's complaint on November 26, 1997. Following defendant's failure to answer or otherwise respond to it within the period of time allotted by law, on February 17, 1998 the Office of the Clerk notified counsel of the government's default.

Comes now the defendant with a motion to file out of time its answer based upon various stated excuses, including:

(c) due to defendant counsel's unusually heavy work load, many of these cases involving court deadlines, counsel did not check his in-

coming mail on a regular basis, and was confused regarding due dates because of the institution of a new tickler system designed to advise attorneys of court deadlines.

The plaintiff has responded to this motion, in part, as follows:

Rule 55(e) of the Rules of this Court provides that a judgment by default against the United States shall not be entered "unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Regardless of how dilatory or inexcusable the defendant's conduct may be, the rule apparently provides plaintiffs with little or no relief where, as here, the government's default is due to a failure to plead or otherwise defend. *See* [   ] *Syva Co. v. United States*, 12 CIT 199, 681 F.Supp. 885 (1988); and 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedures* § 2702 (1983).

* * * Plaintiff has reviewed defendant's motion and notes that such motion does not indicate any reason for defendant's failure to timely file an answer other than inexcusable neglect.

The court concurs that defendant's neglect is inexcusable. It is also constrained to concur, however, that the law provides that a judgment by default shall not be entered against the United States unless a plaintiff establishes a claim or right to relief. In this regard, the plaintiff adds in the response at bar that the

evidence necessary to establish its claim was submitted at trial in a similar case, *La Perla Fashions, Inc. v. United States*, Court No. 96–03–00741, which is awaiting decision by the Court.

If this representation proves to be true, perhaps further litigation, including formal joinder of issue, will not be necessary herein. Hence, this action is hereby stayed, pending final resolution of Court No. 96–03–00741. Defendant's present motion for leave to file out of time should be, and it hereby is, denied, subject to renewal if orderly proceedings subsequently so require, and also subject to leave which is hereby granted the plaintiff to move for award of reasonable attorneys' fees and expenses incurred in responding to defendant's instant motion.