**AMERICAN MOTORISTS INS. CO., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Slip. Op. 98–68.**
**Court No. 94–07–00389.**

United States Court of International Trade.

May 21, 1998.

Tompkins & Davidson, Harvey A. Isaacs, Brien S. Goldstein, Laurence M. Friedman, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., Dept. of Justice, Jeanne E. Davidson, Asst. Director, G. Michael Harvey, for defendant; Darlene Stephens, Gen. Atty., U.S. Customs Service, of counsel.

## MEMORANDUM OPINION

DiCARLO, Senior Judge.

Plaintiff has moved for summary judgment on the issue of whether it is entitled to interest on duties paid after the statute of limitations governing collection of those duties had allegedly run. Customs has refunded the payment in question, but argues

that plaintiff is not entitled to interest. For the reasons given below, plaintiff's motion is granted and defendant's motion for summary judgment is denied.

## BACKGROUND

The following facts are not in dispute. Polymembrane Systems, Inc., an importer of roofing materials, imported certain single-ply membrane roofing sheets between September 7, 1982 and October 21, 1985. Customs discovered in December 1984, at the latest, that Polymembrane had fraudulently undervalued those entries. Customs issued a penalty claim and a demand for additional duties against Polymembrane. Polymembrane did not pay, and subsequently became insolvent. On August 18, 1989, Customs issued a demand against plaintiff as surety for the additional duties owed. *See* 19 U.S.C. § 1592(d) (1988) (recovery of lawful duties lost through fraud or negligence); 19 C.F.R. § 162.79b (1989) (recovery of actual loss of ·duties).

A demand for additional duties under 19 U.S.C. § 1592(d) is subject to review on written application to the Commissioner of Customs. 19 C.F.R. § 162.79b. At plaintiff's request, Customs conducted such a review, ultimately reducing the amount of duties assessed. It then issued an amended demand letter on December 14, 1989. Plaintiff did not send payment.

· Customs repeated its demand for additional duties on March 5, 1993, more than eight years after discovering Polymembrane System's fraud, and again on September 27, 1993. Defendant acknowledges that the statute of limitations had by then expired. (Def.'s R. Supp. Cross–Mot. J. on Pleadings at 2.) Under threat of administrative sanctions, on October 8, 1993 American Motorists paid the $131,483.38 demanded. It is undisputed that the entire amount assessed was a demand for duties under 19 U.S.C. § 1592(d), and not a monetary penalty for fraud or negligence under 19 U.S.C. § 1592(c). *Cf. Trayco, Inc. v. United States*, 994 F.2d 832, 835–36 (Fed.Cir.1993) (Court of International Trade has no jurisdiction over civil actions to obtain refunds of fraud *penalties*).

Plaintiff brought this action seeking a refund on the grounds that the statute of limitations barred Customs from demanding payment in 1993. The court stayed the action pending the Federal Circuit's decision in *United States v. Hanover Ins. Co.*, 82 F.3d 1052 (Fed.Cir.1996), which held that Customs may not use the threat of administrative sanctions to enforce a time-barred claim. After the *Hanover* decision, Customs issued a refund to American Motorists on January 22, 1997, but maintained that it was not liable for interest on the refunded amount. As part of a settlement agreement, the parties have requested that the court decide the question of defendant's liability for interest.

## DISCUSSION

■ As a preliminary matter, the court notes that it has jurisdiction under 28 U.S.C. § 1581(a) (1994) (contesting denial of a protest), rather than 28 U.S.C. § 1581(i) (1994) (residual jurisdiction), for the reasons given below.

### I.

■ Interest is not recoverable in a suit against the United States "in the absence of an express waiver of sovereign immunity from an award of interest." *Library of Congress v. Shaw*, 478 U.S. 310, 311, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). One such waiver may be found in 28 U.S.C. § 2644, which states that

> If, in a civil action in the Court of International Trade under [28 U.S.C. § 1581(a)], the plaintiff obtains monetary relief by a judgment or under a stipulation agreement, interest shall be allowed at an annual rate established under section 6621 of the Internal Revenue Code of 1986. Such interest shall be calculated from the date of the filing of the summons in such action to the date of the refund.

28 U.S.C. § 2644 (1994). The unambiguous language of the statute provides that a successful plaintiff in a § 1581(a) action is entitled to interest in all cases, whether relief results from a judgment on the merits or from an agreement between the parties in lieu of litigation. There is no requirement that the stipulation agreement contain an admission of government liability.

Defendant argues that it is not liable for interest because this is not a § 1581(a) action. 28 U.S.C. § 1581(a) grants jurisdiction to this court over civil actions contesting the denial of a protest under 19 U.S.C. § 1514. The relevant provisions of that section state that

> decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to [actions specifically listed in § 1514(a)(1–7)] shall be final ... unless a protest is filed ... or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade[.]

19 U.S.C. § 1514(a) (1994). Thus, for American Motorists to be entitled to interest on the refunded payment, it must show that this action falls under 19 U.S.C. § 1514(a). Specifically, it must show that (1) Customs made a decision falling within one of the categories listed in § 1514(a)(1–7); (2) plaintiff protested that decision; and (3) Customs denied the protest.

## II.

The "decision" in question is the decision to demand payment in Customs' final letter of September 27, 1993, which threatened to impose sanctions against American Motorists unless Customs received payment within two weeks. Plaintiff attempted to protest that decision at the time of payment. Letter of George J. Weise, Commissioner of Customs, to Tompkins & Davidson, at 1 (May 31, 1994). The Commissioner of Customs, however, rejected plaintiff's submission "as a non-protestable matter." *Id.* The issue, then, is whether Customs' September 27, 1993 letter was "protestable," meaning that it fell within one of the categories listed in § 1514(a)(1–7). *See Playhouse Import & Export, Inc. v. United States,* 18 CIT 41, 44, 843 F.Supp. 716, 719 (1994) (seven categories in § 1514(a) are exclusive sources of jurisdiction over protests).

Plaintiff argues that the correct category is § 1514(a)(3), which authorizes protests of decisions relating to "all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury[.]" 19 U.S.C. § 1514(a)(3). An "exaction" is a "wrongful demand for payment under color of official authority, where no payment is due[.]" *Syva Co. v. United States,* 12 CIT 199, 202, 681 F.Supp. 885, 888 (1988) (quoting *Webster's Third New Int'l Dictionary* 1178 (1981)); *Carlingswitch, Inc. v. United States,* 85 Cust. Ct. 63, 66, 500 F.Supp. 223, 226–27 (1980) (quoting *Black's Law Dictionary* (4th ed.1968)), *aff'd,* 68 C.C.P.A. 49, 651 F.2d 768 (C.C.P.A.1981). Plaintiff claims that Custom's demand was an exaction because the statute of limitations had run and American Motorists was no longer liable for § 1592(d) duties.

Defendant disagrees, claiming that a demand for ordinary duties under 19 U.S.C. § 1592(d) is not an exaction, even if the statute of limitations bars judicial enforcement of the demand. *See Playhouse Import & Export,* 18 CIT at 45, 843 F.Supp. at 720 n. 9 (quoting *Carlingswitch,* 85 Cust. Ct. at 66, 500 F.Supp. at 227 (demand for payment of ordinary customs duties is neither a charge nor an exaction)). Defendant also states that no other category listed in § 1514(a)(1–7) applies here. Therefore, it argues, Customs' September 27, 1993 letter was not protestable.

Defendant's position is contrary to the holding in *United States v. Hanover Ins. Co.,* 82 F.3d 1052 (Fed.Cir.1996). *Hanover* held that it was not lawful for Customs to resort to threats of administrative action to enforce a time-barred claim. *Id.* at 1055–56. It follows that Customs does not have the authority to enforce a formerly valid demand for additional duties once the relevant statute of limitations has expired. A timely demand for payment of duties is neither a charge nor an exaction, but an untimely demand is outside the scope of Custom's authority, and is therefore unlawful. If Customs' claim for additional duties was time-barred on September 27, 1993, as plaintiff alleges, then Customs' final letter demanding payment was a wrongful exaction, protestable under § 1514(a)(3).

## III.

Custom's right to enforce payment of additional duties expired in December 1990. At

the time this case was brought, the five-year statute of limitations governing enforcement of § 1592(c) penalties did not apply to actions to recover § 1592(d) duties. *United States v. Jac Natori Co., Ltd.,* 108 F.3d 295, 298–99 (Fed.Cir.1997) (discussing 19 U.S.C. § 1621 (1988)). There was, however, a statute of limitations that did apply. Any action for money damages brought by the United States and founded upon a contract is barred unless filed within 1) six years after the right of action accrues, or 2) one year after final decisions have been rendered in applicable administrative proceedings, whichever is later. 28 U.S.C. § 2415(a) (1988). Section 2415(a) governs actions brought by Customs on a bond agreement. *United States v. Cocoa Berkau, Inc.,* 990 F.2d 610, 612–13 (Fed. Cir.1993); *United States v. Commodities Export Co.,* 972 F.2d 1266, 1270 (Fed.Cir.1992) (§ 2415(a) applied in actions to recover unpaid liquidated damages); *see also Hanover,* 82 F.3d 1052 (applying § 2415(a) to action to recover unpaid antidumping duties). Customs' right of action accrued no later than December 1984, when Polymembrane System's fraud was discovered, and administrative review of the additional duties assessed concluded in December 1989. Thus, under either prong of § 2415(a), Customs could no longer enforce its claim against plaintiff after December 1990.

Once the statute of limitations expired, Customs no longer had a right to demand payment of additional duties. Any further attempt to do so was merely a "wrongful demand for payment under color of official authority, where no payment [was] due." *Syva,* 12 CIT at 202, 681 F.Supp. at 888. Customs' September 27, 1993 letter demanding payment was thus a wrongful exaction, and as an exaction it was protestable under § 1514(a)(3).

## CONCLUSION

In short, Customs' decision to demand payment in September 1993 was protestable. Plaintiff protested that decision at the time of payment, and Customs denied the protest. Plaintiff subsequently obtained monetary relief through a settlement agreement, in the form of a refund. As all of the requirements of 28 U.S.C. § 2644 appear to have been satisfied, plaintiff is clearly entitled to interest on the refunded amount.

Plaintiff's motion for summary judgment on the issue of defendant's liability for interest is therefore granted. Defendant shall pay to plaintiff interest on the amount of $131,483.38 according to the terms of 28 U.S.C. § 2644 (1994).

## JUDGMENT ORDER

Upon consideration of all papers and proceedings in this case, and after due deliberation, it is hereby

ORDERED that plaintiff's motion for summary judgment is granted. In accordance with 28 U.S.C. § 2644 (1994), defendant shall pay to plaintiff interest on $131,483.38 from July 8, 1994, the date of filing of the summons in this action, to January 22, 1997, the date of refund, at the annual rate set under § 6621 of the 1986 Internal Revenue Code. It is further

ORDERED that defendant's motion for summary judgment is denied. SO ORDERED.