**Slip Op. 99-21**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Before Judge Judith M. Barzilay**

_____x

JCM, LTD.,                                                        :
        Plaintiff,

    v.                                              :              **Court No. 98-05-02248**

UNITED STATES,                                          :


        Defendant.                                          :


_____x

[Plaintiff's Motion for Default Judgment denied, Defendant's Motion to Dismiss for Lack of Jurisdiction, granted.]

Riggle and Craven (David J. Craven), for JCM, Ltd., Plaintiff.
David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Erin E. Powell), Patrick V. Gallagher, Jr., Attorney, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for Defendant.

**MEMORANDUM AND ORDER**

**BARZILAY, J.**

**I.  INTRODUCTION**

The present controversy is before the Court pursuant to Defendant's Motion to Dismiss for Lack of Jurisdiction brought under USCIT R. 12(b)(1).  Plaintiff, by way of summons and complaint, initiated this action to recover antidumping duties collected by the United States Customs Service for the period between May 18, 1996 through July 24, 1996.  Plaintiff's claim rests on this Court's decision in *F.lli DeCecco di Filippo Fara San Martino S.p.A. v United States*, Slip Op. 97-143 (1997) holding that the Department of Commerce's failure to terminate the provisional measures period following publication of its preliminary determination of sales at less than fair value of certain pasta from Italy was not in accordance with law nor supported by substantial evidence in the record.  This Court effectuated its judgment by ordering the refund of

cash deposits, including interest, for the relevant time period. *See F.lli DeCecco di Filippo Fara San Martino S.p.A. v United States*, Slip Op. 97-155 (1997) (judgment order). As an importer of the subject merchandise that paid the duties, Plaintiff argues it is entitled to the same relief granted by this Court to the parties listed in Appendix A of its judgment order. *See F.lli DeCecco di Filippo Fara San Martino S.p.A. v United States*, Slip Op. 97-155, at App. A (1997) (judgment order). Defendant contends that since Plaintiff failed to pursue the administrative remedies available to it under various provisions of Title VII of the Tariff Act of 1930, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1581(i). For the reasons that follow, the Court agrees with Defendant and finds it lacks jurisdiction.

## II. DEFAULT JUDGMENT

Initially, the Court finds it necessary to dispose of Plaintiff's Motion for a Default Judgment brought under USCIT R. 55. Plaintiff moved for default against the Defendant arguing that since no answer had been filed timely, judgment in Plaintiff's favor was appropriate. Defendant responds by stating that its failure to answer was inadvertent because it had classified Plaintiff's complaint as a Harbor Maintenance action, which would not require an answer. Defendant argues that the burden on a plaintiff moving for default against the government is high and that the burden is not met if the government responds, albeit untimely.

USCIT R. 55 provides:

> (a) Entry
> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as prescribed by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>                                              . . . .
>
> (e) Judgment Against the United States
> No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or

right to relief by evidence satisfactory to the court.

In *Syva Co. v. United States*, 12 CIT 199, 681 F. Supp. 885 (1988), default was entered against the government for its failure to answer timely, despite several extensions of time. *See id.* at 200, 681 F. Supp. at 886. However, this Court declined to enter default judgment because it found the government's motion to dismiss for lack of jurisdiction defeated plaintiff's ability to establish a right to relief by satisfactory evidence. *See id.* at 200, 681 F. Supp. at 887. Recently, this Court dealt with a motion for default against the government for failing to respond until it received a notice of default. *See La Perla Fashions, Inc. v. United States*, Slip Op. 95-148 (1998). Counsel for the government represented in a motion to file an answer out of time that a heavy workload impeded his ability to check his mail and that he had confused certain due dates. *See id.* at 1. The Court denied defendant's motion to file an answer out of time and stayed its decision on plaintiff's pending motion for default judgment subject to the outcome of a proceeding plaintiff alleged would establish its right to relief. *See id.* But the Court noted, despite the inexcusable neglect by counsel for the government, it was constrained from entering default judgment unless plaintiff could establish a claim or right to relief. *See id.*

In the instant case, entry of default did not prompt Defendant to act, rather it was Plaintiff's motion for entry. Upon realizing its mistake, Defendant filed a motion to file an answer out of time, and thereafter filed a motion to dismiss for lack of jurisdiction. Without excusing Defendant's neglect, the Court finds that entry of default judgment is not appropriate in this case because the Plaintiff cannot show satisfactory evidence of its right to relief on its claim.

### III. SUBJECT MATTER JURISDICTION

Plaintiff brings this action under 28 U.S.C. § 1581(i), which provides:

> In addition to the jurisdiction conferred upon the Court of

International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for--

    (1) revenue from imports or tonnage;

    (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

    (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

    (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.

*This subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable . . . by the Court of International Trade under section 516A(a) of the Tariff Act of 1930 . . . .*

(emphasis added).

In addition to the plain language of the statute, the legislative history demonstrates Congress' clear intent to prohibit circumvention of section 1581(c) through the use of section 1581(i). *See e.g.* H.R. Rep. No. 96-1235 at 48 (1979), *reprinted in* 1980 U.S.C.C.A.N. 3729, 3759-60 ("[A] decision to exclude a particular exporter from an antidumping investigation would be reviewable, if at all, only in connection with the review of the final determination by the administering authority or the ITC." *Id.*) Defendant argues that Plaintiff is precluded from obtaining review under section 1581(i) because it could have participated in the administrative proceeding and had it done so, would have been entitled to review under section 1581(c). Section 1581(c) provides "The Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930." Accordingly, if Plaintiff could have obtained review under another jurisdictional provision its failure to do so deprives the Court

of jurisdiction under 28 U.S.C. § 1581(i). *See National Corn Growers Ass'n v. Baker*, 840 F. 2d

1547 (Fed. Cir. 1988); *Miller & Co. v. United States*, 824 F.2d 961 (Fed. Cir. 1987); *Juice Farms*

*Inc. v. United States*, 18 CIT 1037 (1994), *aff'd* 68 F.3d 1344 (Fed. Cir. 1995); *Muvek v. United*

*States*, 15 CIT 7, 10, 756 F. Supp. 576, 579 (1991).

Our reviewing court has reaffirmed the exclusivity of this Court's jurisdictional provisions

recently by affirming two decisions of this Court in a consolidated opinion, *Sandvik Steel Co. v.*

*United States* and *Fujitsu Ten Corp. of America v. United States*, 164 F.3d 596 (Fed. Cir. 1998).

The issue before this Court and the Federal Circuit was:

> whether the failure of an importer to exhaust its administrative
> remedy by seeking a ruling by the Department of Commerce that an
> antidumping order does not cover certain products it imported,
> precludes it from obtaining review of that issue in the Court of
> International Trade by there challenging the United States Customs
> Service's denial of its subsequent protest to Customs' assessment of
> antidumping duties on the products.

*Id.* at 597.

Although this case does not involve a scope ruling, the jurisdictional aspects are closely analogous.

In *Sandvik*, the Federal Circuit ruled that plaintiffs' failure to obtain a scope ruling, the pursuit of

which would have placed them within 28 U.S.C. § 1581(c), precluded plaintiff from proceeding under

another section. Here, Plaintiff seeks review under this Court's residual jurisdiction arguing that it

could not have met the requirements for review under section 1581(c).

In essence, the issue now before the Court is whether Plaintiff would have been able to obtain

standing, as that term is defined at 19 U.S.C. § 1516a(d) if it had pursued the available administrative

remedies.[1] To have standing a plaintiff must be an "interested party" and a "party to the proceeding."

---

[1] 19 U.S.C. § 1516a(d) provides, "Any interested party who was a party to the proceeding under section 1303 of this title or subtitle IV of this chapter shall have the right to appear and be heard as a party in interest before the United States Court of International Trade."

A U.S. importer of subject merchandise is an interested party under 19 U.S.C. § 1677(9), and that Plaintiff is such an importer is not in dispute. *Compl.* at ¶ 4; *Answer* at ¶ 4. A party to the proceeding is defined by the Department of Commerce as "any interested party . . . which actively participates, through written submissions of factual information or written argument, in a particular decision by the Secretary subject to judicial review." 19 C.F.R. § 353.3(o) (1995). Defendant argues that Plaintiff's failure to participate as an interested party in the antidumping investigation deprives the Court of jurisdiction because Plaintiff would have been entitled to review under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c). Plaintiff claims that it could not have become a party to the proceeding because it was not selected by the International Trade Administration ("ITA") as a respondent. Thus, Plaintiff argues, section 1581(i) is appropriate because it could not have obtained the requisite standing under 19 U.S.C. § 1516a. The only issue to be resolved by the Court on this point is whether the ITA's decision to limit the number of respondents foreclosed Plaintiff's ability to participate in the administrative proceedings, and thus to proceed under 28 U.S.C. § 1581(c).

In the administrative proceeding, the Secretary of Commerce, through the ITA, notified interested parties that due to the large number of foreign exporters and producers of the subject merchandise he would exercise his authority under section 777A(c) of the Tariff Act of 1930 (codified at 19 U.S.C. § 1677f-1(c)(2)(B) (1994)) to limit the exporters and producers examined to those accounting for the largest volume of exports to the United States. *See* Notice of Preliminary Determination of Sales at Less than Fair Value and Postponement of Final Determination: Certain Pasta from Italy, 61 Fed. Reg. 1344, 1345 (Jan.19,1996). Potential voluntary respondents were given the opportunity to participate if one of the mandatory respondents did not participate, however none chose to comply with the ITA's criteria. *See id.* at 1346.

The effect of participating as a respondent is to receive an individually assigned dumping

margin instead of a weighted average dumping margin or the all others rate. *See* 19 U.S.C. § 1677f-1(c)(1)-(2) (1994); *see also* 19 U.S.C. § 1677m(a) (1994) (governing treatment of voluntary responses); Notice of Final Determination of Sales at Less than Fair Value: Stainless Steel Bar from India, 59 Fed. Reg. 66915, 66918 (Dec. 28, 1994) (describing procedure for assigning rates in investigations with mandatory and voluntary respondents). Even if a party is not chosen as a respondent, interested parties may present written argument to the ITA through case briefs,[2] rebuttals[3] and comments.[4] Indeed, the Association of Food Industries Pasta Group ("AFI"), an association of U.S. importers of the subject merchandise, participated through written submissions to the Secretary of Commerce that questioned the length of time provisional measures could be extended. *See F.lli de Cecco di Filippo Fara San Martino S.p.A. v. United States*, Slip. Op. 97-143 at 2.[5] Plaintiff's assertion that it could not have participated because it was not chosen as a respondent is incorrect for two reasons. First, because it was an importer of the subject merchandise, not a producer or exporter, it would not be assigned a dumping margin in the investigation phase of the proceeding, although it would be responsible to pay the increased duty. *Compare* 19 U.S.C. § 1673d(c)(1)(B)(i)(I)-(II) *with* 19 U.S.C. § 1673g(b)(4). Second, Plaintiff could have participated by submitting case briefs, rebuttals and comments at the appropriate time because it was an interested party within the meaning of 19 U.S.C. § 1677(9). *See e.g.* Final Determination of Sales at Less than Fair Value: Fresh Cut Roses from Colombia, 60 Fed. Reg. 6980, 6997 (Feb. 6, 1995) (recognizing that while not every voluntary

---

[2] *See* 19 C.F.R. § 353.38(c) (1995).

[3] *See* 19 C.F.R. § 353.38(d) (1995).

[4] *See* 19 U.S.C. § 1677m(g) (1994).

[5] AFI received the government's consent to intervene as a plaintiff and thus, the issue of whether AFI could have intervened of right was not addressed.

respondent may be examined, interested parties are still afforded the opportunity to appear and submit their views on the proceedings of an investigation). This would have afforded Plaintiff the right to judicial review of any final determination under 19 U.S.C. § 1516a(a)(2)(B)(i). Like AFI, Plaintiff could have objected to the extension of provisional measures and availed itself of review under 28 U.S.C. § 1581(c). For whatever reason, Plaintiff chose not to do this and the Court cannot rectify Plaintiff's failure to act.

### IV. CONCLUSION

Plaintiff could have obtained jurisdiction under 28 U.S.C. § 1581(c) if it had participated in the administrative proceedings. The ITA's decision to limit the number of respondents did not affect Plaintiff's ability to become a party to the proceeding, which would have enabled Plaintiff to appear as a party in interest before this Court. Because 28 U.S.C. § 1581(i) does not provide jurisdiction when another provision of section 1581 is available, here section 1581(c), the Court lacks jurisdiction to reach the merits of Plaintiff's case. Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Default Judgment is denied; and it is further

ORDERED that Defendant's Motion to Dismiss is granted.

Judgment will be entered accordingly.

Dated: _____, 1999         _____
      New York, N.Y.                        Judith M. Barzilay, Judge