**CHANDLER LEASING CORPORATION, Plaintiff,**

v.

**UCC, INCORPORATED, d/b/a United Carpet Company, Bernard M. King, and Dewey L. Moss, Defendants and Third-Party Plaintiffs,**

v.

**R. W. BEATTIE CARPET INDUSTRIES, INC., Third-Party Defendant.**

**No. 80 C 6551.**

United States District Court, N. D. Illinois, E. D.

July 10, 1981.

H. D. Hollander, R. J. Hollander, Chicago, Ill., for plaintiff.

Mark A. Kreger, Lord, Bissell & Brook, David M. Mattenson, Kanter & Mattenson, Chicago, Ill., for defendants and third-party plaintiffs.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This matter comes before the Court on the motion of third-party defendant, R. W. Beattie Carpet Industries, Inc. ("Beattie"), to vacate the default entered against it on February 27, 1981, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Under Rule 55(c), Beattie has the burden of showing "good cause" for vacating the default.[1]

Whether such relief will be granted is a matter that lies within the sound discretion of the trial court. *U. S. v. An Undetermined Quantity of an Article of Drug Labeled as Benylin Cough Syrup*, 583 F.2d 942 (7th Cir. 1978); *American & Foreign Ins. Ass'n v. Commercial Ins. Co.*, 575 F.2d 980 (1st Cir. 1978); *Savarese v. Edrick Elec., Inc.*, 513 F.2d 140 (9th Cir. 1975); *McGrady*

---

1. Rule 55(c) states as follows:
   For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

*v. D'Andrea Electric, Inc.*, 434 F.2d 1000 (5th Cir. 1970); *Gomes v. Williams*, 420 F.2d 1364 (10th Cir. 1970); *Duling v. Markun*, 231 F.2d 833 (7th Cir. 1956). After a careful review of the record and the memoranda filed by the parties, the Court finds that Beattie has failed to show good cause to vacate the default.[2]

■ In exercising discretion under Rule 55(c), the Court is not unmindful of the policies and concerns that underlie the rules regulating the entry and vacation of defaults. The use of default not only provides the trial court with a significant tool for enforcing compliance with the rules of procedure, thereby encouraging an orderly and efficient judicial system, but also serves to protect diligent parties who have acted expeditiously and in accordance with the rules of the court. *See generally Wright & Miller, Federal Practice and Procedure*: Civil § 2693. Of course, this Court favors the resolution of cases on the merits rather than by default, but in a case such as the one at bar where the other parties to the litigation would be seriously prejudiced were the default to be vacated, and where the defaulted party has failed to show either excusable neglect or the existence of a meritorious defense, the Court must conclude that there is no good cause to vacate the default.

Default was entered against Beattie at a February 27, 1981, at a status hearing in open court, for failure to appear and plead to the third-party complaint and summons served upon it on January 29, 1981. It is important to note that Beattie's petition to vacate the default was not filed until April 24, 1981, nearly two months after the entry of default, and nearly three months after service of process. Beattie nonetheless argues that its failure to timely appear and plead was due to excusable neglect. In support thereof, Beattie has filed the affidavit of Robert W. Beattie, president of

Beattie, who states that he received the summons, immediately mailed it to his attorney in Chattanooga, Tennessee, and that he "can only assume that it was lost in the mail." Beattie provides no additional support for its "excusable neglect" argument. Conspicuous by their absence are the affidavits of Beattie's Tennessee attorney or Beattie's Illinois attorney. While Mr. Beattie can "only assume" that the summons was lost in the mail, his attorneys could have testified that they never received the summons—if, of course, the summons truly was lost in the mail. The Court considers Beattie's failure to file affidavits by the attorneys to be more than mere happenstance.

■ The affidavit filed by Edward Hine, Jr. ("Hine") further diminishes Beattie's "excusable neglect" argument. Hine is a Georgia attorney who represents defendants UCC, Incorporated, Dewey L. Moss, and B. Michael King in the reorganization of UCC, Incorporated, currently pending under Chapter 11 of the Bankruptcy Act in the United States Bankruptcy Court for the Northern District of Georgia. When Chandler Leasing Company filed its complaint in the litigation at bar, Hine filed an answer and a third-party complaint against Beattie on behalf of his clients. After service was made on Beattie, Hine was contacted by Terry Woods, Beattie's attorney, who asked Hine to send her a second copy of the third-party complaint, which he did. During February, 1981, Hine states that he held a number of conversations with Woods regarding settlement.[3] After default was entered against Beattie, Hine notified Woods and Woods stated that her client had instructed her not to file an answer.

Thus, Beattie's "excusable neglect" argument consists of nothing more than Robert Beattie's unsubstantiated and contradicted statement that he assumes the summons was lost in the mail. Even without the

---

2. On June 16, 1981, this Court issued a minute order denying Beattie's motion to vacate. This Memorandum Opinion expresses the Court's reasoning in issuing that minute order.

3. Settlement negotiations are not a sufficient reason for failure to appear or plead. *United States v. Topeka Livestock Auction, Inc.*, 392 F.Supp. 944 (N.D.Ind.1975); *Mitchell v. Eaves*, 24 F.R.D. 434 (E.D.Tenn.1959).

Hine affidavit, which casts grave doubt upon the claim that the summons was lost, Beattie has failed to show that its failure to answer or plead was due to excusable neglect.

 Beattie next argues that it has a meritorious defense to the third-party complaint. It is well settled that general denials and conclusory statements are insufficient to establish a meritorious defense; the movant must present a factual basis for its claim. *Gomes v. Williams*, 420 F.2d 1364 (10th Cir. 1970); *Madsen v. Bumb*, 419 F.2d 4 (9th Cir. 1969); *Moldwood Corp. v. Stutts*, 410 F.2d 351 (5th Cir. 1969); *United States v. Topeka Livestock Auction, Inc.*, 392 F.Supp. 944 (N.D.Ind.1975). The third-party complaint is a simple contract action based upon a written contract signed by Robert W. Beattie, which clearly and unambiguously requires Beattie to make monthly payments for the use of a computer. In his affidavit, Robert Beattie states that he reviewed the contract and then signed it, and that the contract indeed obligates his firm to make payments for the computer. Beattie then states as follows: "I believe that these people [defendants Moss and King] and UCC misrepresented the terms of the contract and fraudulently induced me to sign a contract containing terms that I did not want." Beattie, however, has not produced any factual basis for this allegation of fraud; nor is this the sort of case where a court can assume the existence of a meritorious defense. *United States v. Topeka Livestock Auction, Inc., supra*, 392 F.Supp. at 951. Accordingly, the Court must conclude that Beattie has failed to show that it has a meritorious defense to the third-party complaint.

Beattie also claims that the vacation of the default will result in no prejudice to the non-defaulting parties. This assertion is patently untrue. While Beattie was failing to appear or plead, the remaining parties were laboring, with apparent success, to settle this litigation. These settlement negotiations would be undermined if Beattie were to be allowed to belatedly re-enter the case. Moreover, UCC will be severely prejudiced because it has filed a plan of arrangement with the Bankruptcy Court in Georgia in reliance upon Beattie's default.

Finally, Beattie has failed to take quick action to correct the default. It is uncontested that Beattie was mailed notice of the third-party plaintiffs' intention to seek entry of default on February 27, 1981. It is also uncontested that Edward Hine, Jr. notified Beattie's attorney of the default entry shortly after it occurred. Nonetheless, Beattie inexcusably waited nearly two months before filing its petition to vacate.

In summary, success on a motion to vacate a default requires a showing of excusable neglect, the existence of a meritorious defense, lack of prejudice to non-defaulting parties, and reasonably quick action in moving to correct the default. Failure to show any one of these elements would require denial of a motion to vacate. Beattie, however, has failed to meet all four of the requirements for success. Accordingly, Beattie's motion to vacate the default entry of February 27, 1981, is denied. It is so ordered.