**LEGO IRRIGATIONAL INTERNATIONAL INC., and Irrigation Distribution Corporation, Plaintiffs,**

v.

**FIRST NATIONAL BANK OF NORTHBROOK, Bank Leumi Le Israel, B.M. and Yariv Haft, Defendants.**

**No. 84 C 2500.**

United States District Court, N.D. Illinois, E.D.

April 26, 1985.

MEMORANDUM OPINION
AND ORDER

ROVNER, District Judge.

This diversity action is before the Court on defendant Yariv Haft's motion to vacate the second default entered against him. The seven-count complaint charges Haft with conversion and fraud in his misappropriation of plaintiffs' funds from accounts maintained by defendants First National Bank of Northbrook and Bank Leumi Le Israel, B.M. (Complaint, Counts VII & VIII). For the reasons stated below, Haft's motion to vacate is denied.

The procedural history of this case is rather convoluted. It is uncontroverted

that defendant Haft was personally served with the summons and complaint on April 4, 1984 and that the Return of Service was filed with the court on April 13, 1984. It is also undisputed that Haft failed to make an appearance by April 26, 1984, the day by which he was required to appear and answer. Haft's first appearance was on May 2, 1984.

Plaintiffs moved for judgment by default against Haft on May 1, 1984. The following day, Haft appeared and moved to vacate the default, although none had been entered at that time. The court held a hearing on these motions on May 9, 1984, during which Haft gave testimony under oath. At the conclusion of this hearing, a default was entered against Haft, pursuant to Fed.R.Civ.P. 55(a).[1]

While not specified in the court's order, the court later made clear that the default was entered against Haft only concerning Count VII, as plaintiffs requested relief only concerning that count. (Memorandum Opinion and Order, September 12, 1984, at 2.) Count VII alleges that Haft converted and misappropriated funds belonging to plaintiffs in an amount exceeding $250,-000.00. On May 9, the following facts, as developed through testimony and undisputed exhibits, were before the court.

On January 20, 1984, Haft signed an affidavit in which he stated, among other things, that:

I had no ownership interest in [LII and IDC accounts at the American National Bank]. My position [concerning such accounts] was one of trust for which I was paid a modest monthly stipend.

At various times during 1983, and more specifically August and September of that year, I appropriated the sum of $252,313.69 from said accounts for my own purposes.

I realize that my actions were unlawful. I intend to repay the funds together with interest. I have made this statement freely and voluntarily in conjunction with a Repayment Agreement. I realize that this statement can be used against me in a criminal proceeding.

In the May 9 hearing, Haft admitted signing the January 20, 1984 affidavit, claiming that he was threatened with "financial ruin" and other harassment if he refused. Haft did not deny that he misappropriated some funds from plaintiffs. The testimony at that hearing convinced the court that Haft did not sign the affidavit under coercion. (Mem.Op., Sept. 12, 1984, at 3.)

On September 12, 1984, Haft's motion to vacate the entry of default, fully briefed by the parties, was granted. The court based its decision on "Haft's timely motion to vacate and the lack of prejudice to plaintiffs, coupled with considerations of judicial economy and Haft's allegations of a defense to the amount of damages." Mem.Op. at 8. Although the court found that Haft had no meritorious defense to liability under Count VII, it further found that no purpose would be served by granting plaintiff's request for a limited default only on liability as to Count VII and not on the amount of damages or liability under Count VIII.

Shortly afterward, however, on September 21, 1984, the court granted plaintiffs' oral motion for a second entry of default against Haft. The court reversed its position after granting Haft's attorney's motion to withdraw as counsel: the attorney claimed that ethical considerations required him to withdraw because there were no arguments which could be asserted on behalf of defendant Haft which are warranted under either the existing law or by a good faith attempt to change the existing law. Prove-up was set for September 26, 1984, but later stricken because of then pending settlement discussions, which have since terminated.

Presently before this Court is Haft's motion to vacate the second default. In "Defendant, Yariv Haft's, Answer to Plaintiff's Response" (the "Reply Mem."), which was

---

1. It should be noted that this case was not assigned to the calendar of this Court until November 1, 1984, when Judge Ilana Diamond Rovner assumed the duties of office as Judge of the United States District Court for the Northern District of Illinois.

filed eleven days late, Haft asserts the following, among other things. While Haft still does not deny that he signed the January 20, 1984 affidavit, he claims that the affidavit is incomplete, and that the figure therein represents only a part of the transactions between the parties. For the first time in this saga, he denies that he "appropriated" the sum of $252,313.69 from plaintiffs' accounts. According to Haft, those accounts were jointly owned and controlled by plaintiffs and Haft in conjunction with a joint business enterprise.

In order to have an entry of default set aside, it is incumbent upon a defendant to show: good cause for his default, quick action to correct it, and a meritorious defense to plaintiff's complaint. *Breuer Electric Manufacturing Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 185 (7th Cir.1982). Another factor often considered by the courts is the absence of any substantial prejudice to the party not in default. 10 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2692 at 470–71 (1983 ed.). An application under Rule 55(c) to set aside a default entry is addressed to the sound discretion of the district court, with regard to the peculiar facts and circumstances surrounding the case. *Id.*, § 2693 at 472–73.

In this case, as the court has previously noted, Haft moved quickly to correct the default. Plaintiffs have not asserted that there will be any prejudice to them if vacation is granted. This Court finds, however, that Haft has failed to demonstrate a meritorious defense.

After listening to upwards of twenty minutes of oral testimony by defendant Haft himself at the May 9 hearing and reading the memoranda submitted along with Haft's initial motion to vacate, the court stated: "Haft did not then [at the May 9 hearing] and does not now [in his briefs] deny that he misappropriated some funds from plaintiffs." Mem.Op. at 3. In addition, after witnessing Haft's extensive testimony, the court was convinced that Haft did not sign the January 20, 1984 affidavit under coercion. *Id.* Subsequent-

ly, Haft's own counsel moved for leave to withdraw because Haft does not have any meritorious defense to this action. The court granted the motion, stated that there was a Rule 11 violation, and granted plaintiffs' oral motion for default. (Tr. Sept. 21, 1984 proceedings.)

Now, in the final chapter of this complicated history, in what is essentially a reply memorandum signed by Haft himself rather than his attorney, Haft asserts that he never "appropriated" any funds from plaintiffs. He now claims that the accounts were jointly owned and that he withdrew funds with the knowledge and consent of plaintiffs. At the same time, however, Haft continues to admit that he signed the January 20, 1984 affidavit. Haft offers no explanation for the fact that he signed a document containing statements such as "I realize that my actions were unlawful," and "I realize that this statement can be used against me in a criminal proceeding," except to say that the document was prepared by plaintiffs' attorneys.

General denials and conclusory statements are insufficient to establish a meritorious defense in order to vacate a default; the movant must present a factual basis for his claim. *Chandler Leasing Corp. v. UCC, Inc.*, 91 F.R.D. 81 (N.D.Ill. 1981). The facts in *Chandler* are very similar to the instant case. In *Chandler*, a third-party defendant, Beatie, was in default. The third-party complaint was a simple contract action, based on a contract signed by Beatie, which clearly and unambiguously required Beatie to make monthly payments for the use of a computer. *Id.* at 84. In his affidavit, Beatie admitted that he had reviewed the contract and signed it, and that the contract as written obligated his company to make payments. Beatie further stated, however, that third-party plaintiffs had misrepresented the terms of the contract and fraudulently induced him to sign it. *Id.* Because Beatie produced no factual basis for this allegation, the court found that Beatie failed to show a meritorious defense, and denied the motion to vacate.

Similarly, in the instant case there is an affidavit, signed by Haft, which clearly and unambiguously states that Haft unlawfully appropriated funds belonging to plaintiffs, that he realized the illegality of his actions, and that he intended to repay the funds with interest. Haft does not deny that he signed this document, he merely asserts that it was prepared by plaintiffs' lawyers and that he did not appropriate the funds. The court, after a hearing, has previously concluded that Haft freely signed the January 20, 1984 affidavit. This Court finds that Haft's current denials fail to establish a meritorious defense.

Under the unusual circumstances of this case, this Court denies defendant Yariv Haft's motion to vacate the default entered against him on September 21, 1984. Proveup shall be set in open court.