**TRUST COMPANY BANK, Plaintiff,**

v.

**TINGEN–MILLFORD DRAPERY COMPANY, INC., Defendant.**

**No. 87–834–CIV–5.**

United States District Court, E.D. North Carolina, Raleigh Division.

Dec. 16, 1987.

Mark C. Kirby, Faison, Brown, Fletcher & Brough, Raleigh, N.C., for plaintiff.

Marjorie K. Lynch, Smith, Debnam, Hibbert & Pahl, Raleigh, N.C., for defendant.

**MEMORANDUM OPINION**

TERRENCE WILLIAM BOYLE, District Judge.

**FACTUAL BACKGROUND**

The present action involves a contract dispute between Trust Company Bank

(Bank) and Tingen–Millford Drapery Company (Tingen). The plaintiff alleges in a complaint filed September 8, 1987, that defendant has failed to make payments on overdue accounts. The record shows that service was made by certified mail to Tingen's business address in Raleigh, North Carolina.

On October 1, 1987, Robert E. Monroe, attorney for Tingen, telephoned Mark C. Kirby, attorney for Bank in an attempt to determine the date of service of process against the defendant. Mr. Kirby was speaking from his car phone at the time and did not have his file in front of him. He estimated that the answer was due on September 30 or October 8, depending on whether the response time was twenty or thirty days. Mr. Kirby informed Mr. Monroe that he should not rely on this estimation because he did not have the papers in front of him. On October 6, a paralegal from Mr. Monroe's office called the clerk's office and was informed that the response time had run on October 2, 1987.

On this same day, October 6, Mr. Monroe again called Mr. Kirby and requested an extension of time to file an answer. After consulting with his client, Mr. Kirby denied the request and obtained an entry and judgment of default from the clerk on October 7 pursuant to Fed.R.Civ.P. 55(a), (b). On October 28, 1987, defendant filed a motion to set aside entry of default and default judgment pursuant to Fed.R.Civ.P. 60(b). Defendant's motion is before the court at this time.

### DISCUSSION

Courts are generally reluctant to enter default judgments and any controversy regarding the procedure will be resolved in favor of the party seeking to upset the default. *Davis v. Fedder*, 556 F.2d 308 (5th Cir.1977); *Davis v. Parkhill–Goodloe*, 302 F.2d 489 (5th Cir.1962). Additionally, courts are likely to vacate a default when it is the attorney, and not the party, who is responsible for the failure to properly defend the action. *Lolatchy v. Arthur Murray*, 816 F.2d 951 (4th Cir.1987). The general disfavor of default judgments is indica-

tive of a preference to try cases on the merits rather than have them disposed of on the basis of technicalities. It is against this backdrop that the court considers the defendant's motion.

### A. *The Default Procedure Under Rule 55*

#### 1. *Rule 55(b)(1):*

Rule 55(b)(1) provides that the clerk shall enter a default judgment against a defendant when the plaintiff's claim is for a sum certain and "if the defendant has been defaulted for failure to appear...." An inquiry into the meaning of the term "appear" is necessary to resolve the present dispute. Courts have construed the term in a liberal fashion in order to support the policy against unnecessary defaults. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2686 (1983).

Traditionally, an appearance requires some filing with or actual physical appearance before the court. It is evident, however, that appearances by implication are often sufficient to constitute an appearance for the purposes of Rule 55. An appearance by implication does not arise by filing or physical appearance before the court. It can arise as a result of an objective manifestation of intent on the part of the defendant or counsel to defend the action. *H.F. Livermore v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689 (D.C. Cir.1970); *Davis, supra*, 302 F.2d 489. Most instructive in this area is the opinion in *Heleasco Seventeen v. Drake*, 102 F.R. D. 909 (D.Del.1984). In *Heleasco* the plaintiff obtained an entry and judgment of default after the defendant failed to answer the complaint by the specified response date. The court set aside the judgment pursuant to Rules 55(c) and 60(b). The facts of *Heleasco* are quite similar to the present facts. Service was made by mail. Subsequently, defense counsel contacted opposing counsel and discussed an extension of time for an answer. This extension was apparently granted although it does not appear that this extension was filed with the court. When the response time ran and defendant had not filed an

answer or motion, plaintiff obtained a default judgment.

The court concluded that the telephone conversations were of some import: "Based on the two telephone conversations of July 28 and August 2, 1983, and the events surrounding them, this Court concludes that the defendants have demonstrated their *intent to defend the suit."* *Heleasco, supra,* 102 F.R.D. at 914 (emphasis added).

In the present case Mr. Monroe and Mr. Kirby discussed a possible extension of time. Although this extension was not granted by Mr. Kirby, it was clear that Mr. Monroe had every intention of defending the suit. Indeed, the granting of an extension was not the controlling factor in *Heleasco;* it was the demonstration of an intent to defend the suit.

On the basis of the telephone conversation between Mr. Monroe and Mr. Kirby, the court hereby finds that the defendant has made an appearance in the present case. Because an appearance had been made, the entry of judgment under Rule 55(b)(1) was improper.

2. *Rule 55(b)(2):*

In cases in which an appearance has been made, a default judgment may still be obtained. Rule 55(b)(2) states in part:

> If the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

The notice requirement is designed to give the good faith defendant who has made an appearance one last chance to explain his tardiness or to dispute damages. The court may hold a hearing in order to decide whether a default judgment should be entered. In the present case the plaintiff did not give the required three days' notice to the defendant.

In summary, the entry of default judgment under Rule 55(b)(1) was improper because the defendant had made an appearance. Additionally, the notice require-

ments of Rule 55(b)(2) were not met. Rule 55(c) provides, however, that relief from a default judgment must be analyzed under Rule 60(b).

**B. *Relief From Judgment Under Rule 60(b)***

Relief under Rule 60(b) is granted or denied at the discretion of the court. *Consolidated Masonry v. Wagman,* 383 F.2d 249 (4th Cir.1967). Some situations categorically require the grant or denial of relief even though the district court is empowered to use its discretion. *See supra* Wright, Miller & Kane, § 2857. The federal courts that have considered the failure to provide notice under Rule 55(b)(2) have given this factor different weight in analyzing a motion under Rule 60(b). Several courts have held that it is a strong factor although it is not *ipso facto* grounds for "automatic" relief under Rule 60(b). *Marshall v. Boyd,* 658 F.2d 552 (8th Cir.1981); *Lutomski v. Panther Valley,* 653 F.2d 270 (6th Cir.1981); *Wilson v. Moore,* 564 F.2d 366 (9th Cir.1977). A majority of courts, however, have held that in order to secure relief from the default judgment under Rule 60(b) the movant must prove that (1) the plaintiff will not be prejudiced, (2) the defendant has a meritorious defense, (3) action to upset the default was taken promptly and (4) the default was not the result of inexcusable neglect or a willful act. *United States v. Moradi,* 673 F.2d 725 (4th Cir.1982); *Meehan v. Snow,* 652 F.2d 274 (2d Cir.1981); *Heleasco, supra,* 102 F.R.D. 909; *Chandler v. UCC,* 91 F.R. D. 81 (N.D.Ill.1981).

Consistent with these prior decisions, this court is of the opinion that the failure to give notice under Rule 55(b)(2) creates a strong presumption that the default should be vacated. An analysis of the discretionary factors, however, is appropriate.

In the present case there is no evidence from the record that would substantiate a claim that the plaintiff would be prejudiced by the vacation of the default judgment. Because plaintiff was aware that the defendant intended to defend the

suit, an order to vacate the judgment will not work an undue hardship or be of any surprise to plaintiff.

Secondly, the defendant's affidavits and answer, submitted with the Rule 60(b) motion, indicate that there is a meritorious defense. If indeed the goods delivered to the defendant were of unsatisfactory quality, and notice was made thereof, then the defendant may have been entitled to an adjustment of the account. The court finds that specific allegations in defendant's answer and the supportive facts in the accompanying affidavits establish the necessary basis to state a meritorious defense. *Consolidated Masonry, supra,* 383 F.2d 249; *Chandler, supra,* 91 F.R.D. 81; *General Tire v. Olympic Gardens,* 85 F.R.D. 66 (E.D.Pa.1979).

The record shows that the default judgment was entered on October 7, 1987. Defendant filed the Rule 60(b) motion on October 28, 1987. This court finds that this time period is not unreasonably lengthy. The defendant acted in a prompt fashion in seeking to upset the default.

Finally, defendant's failure to answer in prompt fashion cannot be characterized as in "bad faith" or "willful" in the sense that it was designed to perpetrate a fraud on opposing counsel or the court.

For the foregoing reasons, the defendant's motion to vacate the default judgment entered against it is hereby GRANTED.

An order will be entered in accordance with this memorandum opinion.