**BLUEGRASS MARINE INC.**, Plaintiff,

v.

**GALENA ROAD GRAVEL, INC.**, Hamm's Harbor Service & Fleeting, Inc., Robert B. Miller & Associates, Inc., and Combined Management, Inc., Defendants.

No. 2002–CV–4003–JPG.

United States District Court,
S.D. Illinois.

Oct. 24, 2002.

Bobby R. Miller, Jr., Gault, Marshall et al., Gregory W. Minton, Attorney at Law, Paducah, KY, for plaintiff.

Gary T. Sacks, Douglas E. Gossow, Goldstein & Price, St. Louis, MO, A. Courtney Cox, Hart & Hart, Benton, IL, Bruce Thiemann, Attorney at Law, Eli Karsh, Liberman, Goldstein et al., Clayton, MO, David R. Novak, Schlyer & Associates, P.C., Merrillville, IN, for defendants.

## ORDER

GILBERT, District Judge.

This matter comes before the Court on (1) the plaintiff's motion for entry of default judgment against defendant, Hamm's Harbor, (Doc. 28), (2) the defendant's motion to vacate entry of default (Doc. 31), and (3) for the purposes of case management.

### I. PLAINTIFF'S ALLEGATIONS

This is an admiralty case, which involves a collision on the Illinois River between the towboat M/V Loree Eckstein and the Barge RMT-304. The plaintiff is the owner and operator of the towboat M/V Loree Eckstein. There are four defendants. One of the defendants is Hamm's Harbor (hereinafter "Hamm's"). The plaintiff alleges that three of these defendants were "the owner and/or operator of Barge RMT-304." *See* Second Amended Complaint, ¶¶ III, V, VI (Doc. 22). The plaintiff does not allege that Hamm's is the owner and/or operator of the barge. The plaintiff also alleges all four defendants were "the operator of the fleet where Barge RMT-304 was moored." *See id.*, ¶¶ III-VI. The plaintiff alleges that Barge RMT-304 was unseaworthy and improperly moored. *See id,* ¶ X.

### II. PROCEDURAL HISTORY

The plaintiff filed its original complaint on January 4, 2002. The original complaint was served on Hamm's on April 12. On June 4, the plaintiff filed a motion for leave to file a "second amended complaint," which added two new defendants. (Doc. 19). The "second amended complaint" was entered on June 7. (Docs.21, 22). In the meantime, Hamm's had never answered the original complaint. Moreover, to date, Hamm's has not responded to the "second amended complaint." Accordingly, on July 24, the plaintiff moved that default be entered against Hamm's. (Doc. 26). On July 25, the Clerk entered default. (Doc. 27). On July 29, the plaintiff moved for the entry of default judgment. (Doc. 28).

On August 6, attorney Courtney Cox entered his appearance on behalf of Hamm's. (Doc. 29). On the same day, Hamm's moved to vacate the entry of default. (Doc. 31). The Court, however, found that the motion to vacate was not adequately supported and ordered Hamm's to submit a supplemental brief. (Doc. 35). Hamm's has filed that supplemental brief (Doc. 36), and the plaintiff has responded (Doc. 37). A trial date of February 18, 2003 has been set for this matter.

### III. STANDARD FOR VACATING AN ENTRY OF DEFAULT

■ "In order to vacate an entry of default, the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) a meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28 F.3d 42, 45 (7th Cir.1994). A "meritorious defense" is not necessarily a winning one, but it is one which is "supported by a developed legal and factual basis." *Jones v. Phipps,* 39 F.3d 158, 165 (7th Cir.1994). "General denials and conclusory statements are insufficient to establish a meritorious defense in order to vacate a default ...." *Lego Irrigational International, Inc. v. First National Bank,* 108 F.R.D. 9, 11 (N.D.Ill.1985)(citing *Chandler Leasing Corp. v. UCC, Inc.,* 91 F.R.D. 81 (N.D.Ill.1981)).

■ The test for setting aside a default is more liberally applied when dealing with an entry of default prior to entry of default judgment. *See Pretzel & Stouffer,* 28 F.3d at 44–45; *Connecticut Nat'l Mortgage Co. v. Brandstatter,* 897 F.2d 883, 885 (7th Cir. 1990) (practical considerations that support a strong presumption against the reopening of final decisions are not in play). Default judgments are generally disfavored as they are inconsistent with the federal courts' preference for resolving disputes on the merits. *See Coon v. Grenier,* 867 F.2d 73 (1st Cir. 1989). In light of these general principals, the Court will address the three relevant factors.

### IV. ANALYSIS

A. *Good Cause*

■ In this case, the defendant argues that good cause exists because when the

president of Hamm's, Richard Hamm, learned that his company was being sued, he wrote letters to the plaintiff and the plaintiff's attorney. Specifically, the defendant asserts that Hamm wrote letters advising that the defendant had no connection to the incident and that the defendant did not own or operate the fleet in question. The defendant has attached the letters to its motion. Moreover, the defendant asserts that Hamm believed his letters would satisfactorily respond to the claims and that Hamm did not believe he could be defaulted when he did not own or control the barge in question. The defendant has attached an affidavit by Hamm in support of that assertion.

The plaintiff, however, contends that the defendant has taken a " 'hide and seek' approach" to this lawsuit. Moreover, the plaintiff cites *Zuelzke Tool & Engineering v. Anderson Die Castings, Inc.*, 925 F.2d 226, 228 (7th Cir.1991) for the proposition that ignorance of the law or carelessness is not good cause for vacating default.

At best, the defendant has made a very weak showing of good cause. In *Zuelzke*, the Seventh Circuit stated that "where a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted." *Zuelzke*, 925 F.2d at 226. The instant case, however, involves a motion to vacate entry of default under Rule 55(c)—as opposed to a motion to vacate default judgment under Rule 60(b) like in *Zuelzke*. As noted above, the tests are the same, but courts apply the test more liberally when default judgment has not yet been entered.

In this case, there is no evidence that the defendant's default was willful or the result of gross negligence. Rather, the default was the result of a misunderstanding about the consequences of failing to file a formal answer to complaint. The Court does not believe the defendant took a "hide and seek" approach to this litigation. The defendant did not attempt to avoid service of process and does not deny that it was served. Moreover, the defendant did respond to the plaintiff's complaint, albeit informally, through letters denying any connection to the alleged incident. The defendant has not kept its position a secret. There is no evidence that the defendant sought to avoid the legal system for some nefarious purpose, and there is no evidence that the defendant attempted to perpetrate a fraud upon the Court.

Some courts have set aside default in similar circumstances. *See Asia North America Eastbound Rate Agreement v. BJI Industries, Inc.*, 900 F.Supp. 507, 510–11 (D.D.C. 1995) (vacating default when defendant default was not willful and defendant had a good faith belief that it was not party to the relevant contract); *Fariello v. Rodriguez*, 148 F.R.D. 670, 673 (E.D.N.Y.1993) (holding that entry of default resulting from mistaken belief about time to respond to complaint was not willful and could be set aside due to lack of prejudice and meritorious defense); *Quaker Valley School Dist. v. Employers Mut. Liability Ins. Co. of Wisconsin*, 96 F.R.D. 423 (D.C.Pa.1983) (vacating entry of default where defendants acted neglectfully but not in bad faith and had a meritorious defense); *Whitman v. U.S. Lines, Inc.*, 88 F.R.D. 528 (E.D.Tx.1980) (vacating entry of default where default was a result of the defendant's good faith belief that the matter could be resolved outside of court).

On the other hand, this Court could cite cases denying motions to vacate in similar circumstances. *See, e.g., Morgan v. Barry*, 785 F.Supp. 187, 197–98 (D.D.C.1992) (denying motion to vacate default, finding no good cause, when defendant did not understand that the papers he received concerned a lawsuit). The diverse array of case law is indicative of the broad discretion that district courts have when ruling on motions to vacate. *See Pretzel & Stouffer*, 28 F.3d at 45 (stating that "[t]he district court will be found to have abused its discretion [in ruling on a Rule 55(c) motion] only if we conclude that 'no reasonable person' could agree with its judgment"). In short, whether the defendant has met its burden of showing good cause is a close call. Under the relatively liberal standard of Rule 55(c), the Court believes the defendant has barely established good cause.

### B. *Quick Action*

The Court finds that the defendant has acted quickly in response to the entry of

default. The defendant filed its motion to vacate only twelve days (eight weekdays) after the entry of default. When there has been good cause for delay, and there has been no prejudice to the other party, the Seventh Circuit has upheld a ten-week delay as sufficiently quick to warrant vacating a default judgment. *Smith v. Widman Trucking & Excavating, Inc.,* 627 F.2d 792 (7th Cir.1980).

Moreover, the Court finds that the plaintiff will not be greatly prejudiced by the defendant's late entry into this case. Significantly, the plaintiff added two new defendants to this case only two weeks before default was entered against Hamm's. Service of process was executed on one of these new defendants, Combined Management, on September 19, 2002. Service of process was executed on the other new defendant, Robert B. Miller & Associates, on October 1, 2002. The schedule in this case may very well need to be modified. However, such a modification would most likely be necessary irrespective of whether the instant motion is granted.

### C. Meritorious Defense

The Court also finds that the defendant has a meritorious defense. The plaintiff does not allege that the defendant was the owner and/or operator of Barge RMT–304. Rather, the plaintiff alleges that the defendant was the owner and/or operator of the fleet where the barge was moored. The plaintiff, however, alleges that four defendants were "the owner and/or operator" of the same fleet. Apparently, the plaintiff does not know, but hopes to learn during discovery, who really had care and control of the barge at the time of the incident.

Accordingly, the defendant's proffered defense is simple. The defendant contends that it did not have care and control of the barge at the time of the incident. In support of that defense, the defendant has submitted the affidavit of Richard Hamm, who swears that the defendant has never owned or operated a fleet at the location where the Barge RMT–304 was allegedly moored. The plaintiff indicates that there may be contrary evidence. Nevertheless, the defendant need not make out a winning case, but rather, only one supported by a developed legal and factual basis. The defendant has done so. Therefore, the Court finds that the defendant has established the existence of a meritorious defense.

### D. Conclusion of Analysis and the Basis for Conditional Relief

In sum, the defendant has made a weak showing of good cause, a strong showing of quick action, and a strong showing of a meritorious defense. Moreover, in the context of discussing the quick action element, the Court has found that the plaintiff will not be greatly prejudiced by Hamm's late entry into this case. Given the Court's preference for resolving cases on the merits, the Court, in its discretion, finds that this is an appropriate case for vacating the entry default. The Court might have reached a different outcome if the relatively higher standard of Rule 60(b) governed this case. "[A] default entry may be set aside for reasons that would not be enough to open a default judgment." 10A Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 3d § 2696, at 142.

On the other hand, as discussed above, the defendant's showing of good cause is weak. Moreover, as a result of the defendant's tardiness, the plaintiff has incurred expenses in pursuing a default judgment. Additionally, the defendant has still not submitted a proposed response to the Complaint. Federal Rule of Civil Procedure 60(b) provides that relief from a default judgment may be granted "upon such terms as are just." Likewise, "[t]he court's inherent power and use of discretion also enables it to set aside default entries on various conditions." 10A Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 3d § 2700, at 170. The imposition of conditions can be used to "rectify any prejudice suffered by the nondefaulting party as a result of the default ...." *Id.* at 171. "The most common type of prejudice is the additional expense caused by the delay ...." *Id.* Some courts in this circuit have ordered a defaulted defendant to pay the plaintiff's costs associated with litigating the default as a precondition to vacating default. *See Davis v. Coopers & Lybrand,* No. 90–C–7173, 1991 WL 172953 (N.D.Ill. Aug.29, 1991);

*Mellon Stuart Co. v. Rizzi's Year–Round Outdoor Maintenance, Inc.*, No. 87–C–8087, 1988 WL 76966 (N.D.Ill. July 19, 1988).

## V. *CONCLUSION*

Thus, the Court hereby **ORDERS** that an order vacating default will be conditioned on: (1) the defendant filing a response to the "second amended complaint" within twenty days of the entry of this order, and (2) the defendant reimbursing plaintiff and its counsel for the reasonable attorneys' fees and expenses that they have incurred in connection with the motion for entry of default, the motion for entry of default judgment and their resistance to the plaintiff's motion to vacate default.

The Court **FURTHER ORDERS** that the parties shall make every effort to reach promptly an agreement about the amount of fees and expenses involved. If the parties reach such an agreement, they shall submit a joint report to the Court informing the Court of the nature of the agreement and that the agreement has been satisfied. In lieu of such an agreement, the plaintiff shall submit a petition for fees and costs by no later than November 6, 2002. The Court will not award the plaintiff for fees incurred in the preparation of the fee petition. The defendant shall make its response to the petition, if any, by no later than November 20, 2002. Thereafter, the Court shall determine the reasonable amount of fees incurred by the plaintiff.

The Court hereby puts the defendant on **NOTICE** that if the defendant fails to timely comply with the conditions set by this Order, default judgment will be entered against the defendant.

The Court **RESERVES** ruling on the motion to vacate (Doc. 31) and the motion for default judgment (Doc. 28), pending compliance with or the expiration of this Order.

**IT IS SO ORDERED.**