**UNITED STATES of America, Plaintiff,**

v.

**Leanda M. SMITH a/k/a, Leanda M. Adams and Leanda J. Dean, Defendant.**

**No. 1:99–CV–00595.**

United States District Court, M.D. North Carolina.

Nov. 21, 2002.

John W. Stone, Jr., Office of U.S. Attorney, Greensboro, NC, for Plaintiff.

Darwin Littlejohn, Littlejohn, Moir & Draper, Winston–Salem, NC, for Defendant.

MEMORANDUM ORDER

TILLEY, Chief Judge.

Default judgment was entered against Defendant Leanda Smith on December 17, 1999. Ms. Smith filed a motion to set aside the default judgment on September 21, 2000 [Doc. # 13.] For the reasons set forth below, Ms. Smith's motion is GRANTED, and the default judgment is SET ASIDE.

I.

The United States filed a Complaint on July 20, 1999, alleging that Ms. Smith defaulted on her federally insured student loans. The Summons and Complaint were served on Ms. Smith by certified mail on October 21, 1999. The Summons notified Ms. Smith that if she did not answer the complaint within 20 days of the date of service that she would be subject to judgment by default. Ms. Smith did not file any responsive documents within the 20 day period.

Ms. Smith alleges that her attorney contacted the office of the Clerk of Court for the Middle District of North Carolina to determine the filing deadline for the Answer. Ms. Smith further alleges that an employee of the Clerk's Office informed her attorney that an Answer was due November 20, 1999. On November 10, 1999, Ms. Smith's attorney mailed the Answer and Counterclaim [Doc. # 4] to the Clerk's office. The answer and counterclaim were filed on November 15, 1999, outside the 20 day time limit. Ms. Smith did not serve a copy of the Answer and Counterclaim on the United States until June 12, 2000.

As a result of Ms. Smith's untimely response, the Government filed a Request to Enter Default [Doc. # 5], which was entered by the Clerk of Court on November 26, 1999 [Doc # 7]. On December 16, the United States moved for default judgment to be entered against Ms. Smith [Doc. # 8]. The Clerk subsequently entered default judgment on December 17, 1999 [Doc. # 11].

Ms. Smith now moves to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) due to excusable neglect [1] and because she did not receive notice of a hearing for the default judgment.

## II.

Rule 55(a) of the Federal Rules of Civil Procedure allows the clerk of court to enter a default against a party if the party "has failed to plead or otherwise defend" a case filed against him. Fed.R.Civ.P. 55(a) (West Supp.2002). Furthermore, Rule 55(b)(1) empowers the clerk to enter judgment "if the defendant has been defaulted for failure to appear" and the claim at issue is for a sum certain. Fed.R.Civ.P. 55(b)(1). If a defendant has made an appearance, however, default judgment may not be entered by the clerk and may be entered only by the court. Fed.R.Civ.P. 55(b)(2).[2] In addition, if a defendant has made an appearance so that entry of a default judgment must be made by a judge, then the defendant is entitled to "written notice of the application for judgment at least 3 days prior to the hearing on such application." *Id.*[3]

In the instant case, the United States sought an entry of default pursuant to Rule 55(a) based on Ms. Smith's failure to appear. Once the default had been entered, the United States moved for the entry of default judgment pursuant to Ruled 55(b)(1) based on the default previously entered for Ms. Smith's failure to appear and a sum certain— the principal and accrued interest on student loans. The clerk granted the government's motion and entered default judgment. The issue in this case is whether judgment was properly entered by the clerk pursuant to Rule 55(b)(1).

Entry of default judgment pursuant to Rule 55(b)(1) is proper only when two condi-tions are satisfied: (1) the defendant has failed to appear; and (2) the claim is for a sum certain. There is not a question in this case as to whether the principal and interest on the student loans constitute a sum certain. There is a question, however, as to whether Ms. Smith "appeared" in the case. If Ms. Smith appeared, the default judgment could be entered only by the court pursuant to Rule 55(b)(2), and judgment entered by the clerk would have been improper.

Ms. Smith filed an answer on November 15, 1999. [Doc. # 4]. Although untimely under Fed.R.Civ.P. 12(a)(1), this filing exhibited Ms. Smith's intent to defend the case and constitutes an appearance for the purposes of Fed.R.Civ.P. 55(b). *U.S. on Behalf of and for Use of Time Equip. Rental & Sales, Inc. v. Harre,* 983 F.2d 128, 130 (8th Cir.1993) (holding that the defendant's "late answer constituted an appearance" so that "he was entitled to notice before entry of the default judgment"). Ms. Smith appeared in this case; thus, default judgment pursuant to Rule 55(b)(1) was not authorized, and Ms. Smith is entitled to have the default judgment set aside pursuant to Fed.R.Civ.P. 60(b). *Direct Mail Specialists, Inc. v. Eclat Computerized Techns., Inc.,* 840 F.2d 685, 689 (9th Cir.1988) (recognizing that "the issue is whether [the defendant] appeared. If [the defendant] did, a default [judgment] entered by the clerk is void *ab initio.*"); *see also Conetta v. Nat'l Hair Care Ctrs., Inc.,* 186 F.R.D. 262, 268 (D.R.I.1999) (holding that judgment entered by clerk was void under Rule 55(b)(1) because the claim was not for a sum certain), *aff'd* 236 F.3d 67, 72 (1st Cir.2001).

## III.

Finally, it must be noted that in her Answer, Ms. Smith asserted the statute of limi-

---

**1.** Because the Court finds that the entry of judgment was void, it is not necessary to discuss Ms. Smith's assertions regarding Rule 60(b)(1).

**2.** *See also Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir.1989) ("Rule 55(b)(2) requires, however, that the court, not the clerk, enter a default judgment '[i]f the party against whom judgment by default is sought has appeared in the action.' "); *Trust Co. Bank v. Tingen–Millford Drapery Co., Inc.,* 119 F.R.D. 21, 23 (E.D.N.C.1987) ("Because an appearance had been made, the entry of judgment under Rule 55(b)(1) was improper.")

**3.** Ms. Smith contends that the judgment should be set aside because she did not receive notice of the motion for default judgment. Notice for default judgments is required only when the Court enters default judgment pursuant to Rule 55(b)(2). In this case, judgment was entered, albeit erroneously, by the clerk pursuant to Rule 55(b)(1); thus, Ms. Smith was not entitled to notice.

tations as an affirmative defense. In 1991, Congress retroactively abrogated any statute of limitations applicable to student loan collection and revived actions regarding any federally insured student loans regardless of the date on which the loans were considered in default. 20 U.S.C. § 1091a(a) (1991); *See U.S. v. Phillips,* 20 F.3d 1005, 1007–08 (9th Cir.1994). Therefore, Ms. Smith's affirmative defense is without merit. While the Answer denies that Ms. Smith is in default, it does not assert that the student loans were repaid. The issue of loan default, perhaps, is one that could be resolved in a motion for summary judgment.

### IV.

Ms. Smith's Motion to Set Aside Judgment [Doc. # 13] is GRANTED, and the default judgment entered by the clerk [Doc. # 11] is SET ASIDE.