**Slip Op. 04-138**

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE:  GREGORY W. CARMAN

|  |  |
|---|---|
| **AUTOALLIANCE INTERNATIONAL, INC.**<br><br>                                      **Plaintiff,**<br><br>           **v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>                                      **Defendant.** | **Court No. 01-01070** |

[Defendant's Motion to Set Aside Entry of Default is granted.]

Dated: November10, 2004

*Baker & Hostetler, LLP* (*Shelby F. Mitchell*), Washington, D.C., for Plaintiff.

*Peter D. Keisler,* Assistant Attorney General; *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, U.S. Department of Justice; *Saul Davis* and *Aimee Lee*, Civil Division, Commercial Litigation Branch, U.S. Department of Justice.

## OPINION AND ORDER

**Carman, Judge**: Pursuant to United States Court of International Trade ("USCIT) Rule 55(c), the defendant, the United States, moved to set aside entry of default. Defendant argued inadvertence in its failure to file a timely answer to Plaintiff's Amended Complaint. Defendant had separately moved for leave to file out of time a motion for stay or extension of time and motion for extension of time prior to the entry of default. Plaintiff opposed Defendant's motion asserting that Defendant failed to demonstrate excusable neglect required to set aside the entry of default. This Court has jurisdiction to resolve this question under 28 U.S.C. § 1581(a). For the following reasons, Defendant's Motion to Set Aside Entry of Default is granted.

## BACKGROUND

In 2001, Plaintiff, AutoAlliance International, Inc., filed a complaint asserting two causes of action, one related to value and the other related to the tariff classification of imported merchandise. In Slip Op. 02-137 (Nov. 22, 2002), this Court severed and dismissed the value advance claim for lack of subject matter jurisdiction but held subject matter jurisdiction for the classification claim. The latter claim remained on hold pending the parties' appeal of the subject matter jurisdiction decision. The Court of Appeals for the Federal Circuit upheld this Court's severance and dismissal of the valuation claim from Plaintiff's case. *AutoAlliance Int'l, Inc. v. United States*, 357 F.3d 1290 (Fed. Cir. 2004).

On May 28, 2004, Plaintiff filed an amended complaint. On June 18, 2004, Defendant filed a Consent Motion for an Extension of Time to answer Plaintiff's amended complaint, which

was granted.  In accordance with this Court's Order, Defendant's answer to Plaintiff's Amended Complaint was due on August 20, 2004.  Defendant failed to file its answer or other responsive pleading by the deadline.  Within two weeks following August 20, counsel for Defendant attempted to reach Plaintiff's counsel. (Def.'s Mot. to Set Aside Default at 2.)  Plaintiff's counsel rejected Defendant's request for consent to file its answer out of time and for an extension of time.  (*Id.*)

On September 9, 2004, Plaintiff filed a Request to Enter Default on Defendant.  On September 10, 2004, Defendant filed a Motion for Leave to File Out of Time a Motion for Stay or Extension of Time and Motion for Extension of Time.  On September 15, 2004, the Clerk of the Court of International Trade entered default against Defendant.  On September 20, 2004, Defendant filed a Motion to Set Aside Entry of Default.  On October 5, 2004, Plaintiff filed its Opposition to United States' Motion to Set Aside Entry of Default.  Defendant's Motion to Set Aside Default is presently before this Court.  Procedurally, Plaintiff has not filed a motion for judgment on the default.

## STANDARD OF REVIEW

The standard of review when entertaining a motion to set aside an entry of default is set forth in the rules of this court.  The Court may set aside an entry of default for "good cause shown."  USCIT R. 55(c).[1]  Courts have broad discretion in determining when the defaulting party has demonstrated sufficient "good cause" to set aside entry of default, especially when, as

---

[1]      Court of International Trade rule mirrors Federal Rule of Civil Procedure 55(c). Thus, the cases interpreting Federal Rule of Civil Procedure are appropriate for discussing the Court of International Trade Rule.

in this matter, default judgment has not been entered. *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994), citing *Mendoza v. Wight Vineyard Management*, 783 F. 2d 941, 945 (9th Cir. 1986); *see also* 10A Charles Alan Wright *et al.*, *Federal Practice & Procedure*, Civil 3d, § 2693 (1998).

Although this Court encourages parties to abide by the prescribed rules and orders, defaults are viewed with disfavor. *Bluegrass Marine, Inc. v. Galena Road Gravel, Inc, et al.*, 211 F.R.D. 356, 357 (S.D. Ill. 2002). Default is a harsh penalty for noncompliance with procedural rules. Thus, courts prefer resolving disputes on their merits. *Id.; see also O'Connor*, 27 F.3d at 364. However, the judicial preference for a decision on the merits must be weighed against "considerations of social goals, justice and expediency." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). Nevertheless, the standards for setting aside entry of default are viewed liberally by the court, and doubts are resolved in favor of setting aside the default. *Medunic v. Lederer*, 533 F.2d 891 (3d Cir. 1976); *see also*,10A Charles Alan Wright *et al.*, *Federal Practice & Procedure*, Civil 3d, § 2693 (1998).

The moving party bears an especially high burden when seeking default judgment, the procedural step following entry of default, against the government. USCIT Rule 55(e) states that:

> No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

In interpreting Federal Rule of Civil Procedure 55(e), which is identical to this Court's rule (USCIT R. 55(e)), several courts have held and we have adopted that "default judgment against

the government cannot be granted based simply on the failure to file within a prescribed deadline." *Syva Co. v. United States*, 12 CIT 199, 200 (1988) (citations omitted). When the government fails to plead or otherwise defend, courts usually decline to enter default or, if default has been entered, set it aside. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977); *see also*, 10A Charles Alan Wright *et al.*, *Federal Practice & Procedure*, Civil 3d, § 2702 (1998).

In interpreting the "good cause shown" standard of USCIT R. 55(c), this court recently adopted several factors to consider when entertaining a motion to set aside entry of default:

1. Good cause for the default;

2. Quick action to correct it; and

3. A meritorious defense to plaintiff's complaint.

*Okaya (USA), Inc. v. United States*, __ CIT, Slip Op. 03-130 (Oct. 3, 2003) (citations omitted). In addition to or in lieu of the considerations cited above, other courts have looked to the following:

1. Length and reason for the delay;

2 Whether the defendant acted in good faith;

3. Whether the default was wilful;

4. Prejudice to nonmoving party due to the delay; and

5. A meritorious defense.

*Id.* When considering motions to set aside entry of default, federal courts have also looked to Federal Rule of Civil Procedure 60(b). *Okaya*, Slip Op. 03-130 at 13. A court may set aside a final (*e.g.*, default) judgment, upon - among other things - showing of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). However, the guidelines of Rule 60(b) are

applied more liberally when judgment by default has not yet been entered.  *Bluegrass Marine*,

211 F.R.D. at 358.


## PARTIES' CONTENTIONS

A.      *Plaintiff's Contentions*

Plaintiff contends that Defendant has not met its burden to establish that its failure to file

a timely response to Plaintiff's Amended Complaint was the result of "excusable neglect."  (Pl.'s

Opp'n to United States Mot. to Set Aside Entry of Default at 4.)  In support of its position,

Plaintiff cited several cases in which counsel's overburdened schedules, failures to file timely

papers, and oversight were not found by the courts to be sufficient grounds to set aside default.

*(Id.* at 2, citing *Ceramica Regiomontana, S.A., v. United States*, 8 CIT 309 (1984); *McLaughlin v.*

*LaGrange*, 662 F.2d 1385 (11th Cir. 1981); *Gadsen v. Jones Lang LaSalle Americas*, *Inc.*, 210 F.

Supp. 2d 430 (S.D.N.Y. 2002).)  Likening the facts of the present matter to those in the cases it

cited, Plaintiff propounded that this Court must not grant Defendant's motion to set aside the

entry of default.  (Pl.'s Opp'n to United States Mot. to Set Aside Entry of Default at 2-3.)

Plaintiff also asserted that it will be prejudiced if Defendant's motion is granted (*id.* at 4)

although it failed to specify how.  Lastly, Plaintiff claims that Defendant has not "even attempted

to demonstrate that it has a meritorious defense to Plaintiff's claims."  (*Id.* at 4.)


B.      *Defendant's Contentions*

Defendant acknowledged that its answer was not timely filed.  In its motion, Defendant

explained that the failure was the result of turnover in the office, a large number of active cases,

numerous other pressing matters, and failure of the internal tickler system. (Def.'s Mot. to Set Aside Entry of Default at 1-2.) Upon realizing the error, Defendant's counsel attempted to contact Plaintiff's counsel to request a consent motion to file its response out of time. (*Id.* at 2.) By the time Defendant's counsel and Plaintiff's counsel conferred, some twenty days after Defendant's response was due, Plaintiff's counsel had already requested that the Clerk of this Court enter default against Defendant. (*Id.*) Within three days after Plaintiff's request for default, Defendant's counsel filed a Motion for Leave to File Out of Time a Motion for Stay or Extension of Time and Motion for Extension of Time. (*Id.*) Defendant filed its Motion to Set Aside the Default five days after entry of default by the Clerk. Further, Defendant alleged in its Motion to Set Aside Entry of Default that this Court lacks jurisdiction over claims made in Plaintiff's Amended Complaint. (*Id.* at 3.) Defendant averred that this Court cannot enter default judgment for matters over which it lacks jurisdiction. (*Id.*)

## ANALYSIS

The issue before this Court is whether Defendant has met its burden to establish "good cause" for its failure to plead or otherwise respond to Plaintiff's Amended Complaint. For the following reasons, this Court finds that it has.

The court is not persuaded by the cases Plaintiff cited. Except for *Lasky*, which Plaintiff only cited for the proposition of the factors the court should consider in setting aside an entry of default, Plaintiff's cases all discuss and rely on a rule not at issue before this Court – Federal Rule of Civil Procedure 6(b). Thus, not only are the cases distinguishable because none involves

default by the government, but they are also not relevant to the disposition of this matter and need not be addressed by the Court.

This Court acknowledges for every case posing a similar fact pattern where the court granted the moving party's request to set aside entry of default, Plaintiff could have found cases where the court denied setting aside the entry of default.[2] The number of cases both for and against setting aside entry of default evinces the "broad discretion" judges have when entertaining such motions. *Bluegrass Marine*, 211 F.R.D. at 358.

In addition, Plaintiff relied on an "excusable neglect" standard that does not directly apply in this matter. The Court acknowledges that "excusable neglect" is a factor in decisions under USCIT Rules 6(b) and 60(b). While Federal courts have looked for guidance to the factors for setting aside a judgment under Federal Rule of Civil Procedure 60(b), *Okaya,* Slip Op. 03-130 at 13, the equivalent USCIT Rule 60(b) is not at issue in this matter. This case is decided under the "good cause shown" standard of USCIT Rule 55(c) and the factors delineated previously by this Court and others in determining whether that standard has been met, specifically:

1.       Good cause for the default;

2.       Quick action to correct it; and

3.       A meritorious defense to plaintiff's complaint.

*Okaya,* Slip Op. 03-130 (CIT 2003).

Exercising its broad discretion in this matter and recognizing Plaintiff's considerable burden in seeking default against the United States, *see, e.g., Jorden v. National Guard Bureau*, 877 F.2d 245, 251 (3rd Cir. 1989), this Court finds that Defendant demonstrated good cause for

---

[2]       See *Bluegrass Marine,* 211 F.R.D. at 358 and cases cited therein.

its failure to timely file a response to Plaintiff's Amended Complaint. Defendant's failure to file a timely answer is not alleged to have been and does not appear to have been in bad faith, wilful, or more than inadvertent error. Upon discovering the lapse, Defendant quickly contacted Plaintiff's counsel to request an agreed motion to file out of time. Plaintiff's counsel failed to personally discuss the request with Defendant's counsel prior to filing Plaintiff's request to enter default against Defendant. Lastly, Defendant has alleged a meritorious defense to at least some claims raised in Plaintiff's Amended Complaint. Defendant claimed in it's Motion to Set Aside Entry of Default that this Court lacks jurisdiction over some of Plaintiff's claims, which were severed and dismissed by this Court in an earlier ruling. The court has an obligation to determine whether it has subject matter jurisdiction over the matters before it, and "subject matter jurisdiction may be challenged at any time." *Okaya,* Slip Op. 03-130 at 8-9; *see also Syva*, 12 CIT at 200.

This Court notes that any prejudice to Plaintiff is merely a slight delay in the proceedings. Were this Court to deny Defendant's motion, USCIT Rule 55(e) would nonetheless require Plaintiff to establish its claim or right to relief. In addition, given the judicial preference to decide cases on their merits and to resolve doubt in motions to set aside default in favor of the moving party, *O'Connor*, 27 F. 3d at 364, this Court finds that Defendant has satisfied its obligation to show "good cause" for setting aside the entry of default.

## CONCLUSION

Upon consideration of Defendant's Motion to Set Aside Entry of Default and Plaintiff's Opposition thereto, Defendant's Motion is granted.

/s/       Gregory W. Carman

Gregory W. Carman

Judge

Dated: November 10, 2004

New York, New York